(60 Misc. Rep. 479.)

NAGLE v. DAVIES et al.

(Supreme Court, Special Term, New York County. September, 1908.)

LANDLORD AND TENANT (§ 164*)—FAILURE OF LANDLORD TO REPAIR—LIABILITIES.

Failure of a lessor to observe his contract to repair renders him liable for damages for breach of the contract to the extent of the expense of doing the work agreed to be done, but not for personal injuries sustained through the defective condition of the premises arising from his failure to repair under the contract.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 631; Dec. Dig. § 164.*]

Action by James F. Nagle against Henry E. Davies and others. Demurrer to complaint sustained.

Lenehan & Dowley, for plaintiff.
H. B. Short, for defendants.

GREENBAUM, J. The gravamen of the complaint is that the defendants, landlords of the premises occupied by plaintiff as a subtenant of defendants' lessee, omitted to comply with their agreement with their lessee to repair certain balustrades or rails on the front stoop of said premises, and that by reason of such omission, alleged to be the negligent act of the defendants, plaintiff, "while carefully descending said steps, without fault or negligence on his part, slipped and lost his balance, and, said steps being without railings which he could grasp for the purpose of checking his progress, was precipitated down said steps." The complaint is replete with details as to the condition of the steps existing for a considerable period of time anterior to the accident, and as to a temporary wooden hand rail placed on said steps by the landlords, and as to the falling of the makeshift rails; but the net result of all the allegations is that defendants failed to make the alleged promised repairs, and that at the time of the accident the stoop

was without rails or balustrades and in a condition dangerous to one using the stoop.

The failure of a lessor to observe his contract to repair renders him liable for damages for breach of the contract to the extent of the expense of doing the work agreed to be done, but not for personal injuries sustained by reason of the defective condition of the premises arising from his failure to repair under his contract. Stelz v. Van Dusen, 93 App. Div. 358, 87 N. Y. Supp. 716. The cases cited by the plaintiff, to the effect that a landlord is liable for personal injuries sustained by reason of the negligent manner in which repairs undertaken by him were done, are distinguishable from the facts in the case at bar in this: that here the defendants, up to the time of the accident, had as matter of fact not yet made the repairs, excepting the placing of the temporary wooden rails, which had fallen several months before the accident, leaving the stoop in precisely the condition in which it was when the alleged agreement to repair was made. The accident was, therefore, not the result of the negligent manner in which any balustrades or rails were being constructed or put in place. It may have been due to the defendant's failure to observe his contract; but, as already shown, for this breach an action for negligence will not lie. Nor is a subtenant in better position than the tenant. Frank v. Mandel, 76 App. Div. 413, 417, 78 N. Y. Supp. 855.

The demurrer for insufficiency of the complaint must be sustained, with costs, but with leave to plaintiff to amend his complaint upon the payment of costs.

Demurrer sustained, with costs, but with leave to plaintiff to amend complaint upon payment of costs.