IDA HOLLANDER, etc., Respondent, *v.* W. & E. REALTY COMPANY, INC., Appellant, and SADYE L. WEINGARTEN Defendant.

(Supreme Court, Appellate Term, First Department, November, 1918.)

Landlord and tenant — liability of owner to subtenant — lease — evidence — when owner cannot be charged with neglect to subtenant.

Where a tenant covenants to make all necessary repairs to the premises, both inside and outside, during the term of the lease " except roof and sidewalk," the owner, though liable at all times to a subtenant for negligence, is under no obligation to keep the roof and common appurtenances of the premises in a safe condition for the subtenant, as this duty devolved upon plaintiff's landlord.

Where, in an action by the subtenant to recover for damages caused by rain coming through the roof and destroying his property, it appeared that three months before said damage the owner of the premises had the roof put in good serviceable condition, and the testimony tends to show that the roof leaked from time to time thereafter, but it did not appear that any notice of this condition was given to the defendant owner and no claim is made of any personal neglect on his part as distinguished from the alleged breach of his implied covenant to make repairs to the roof, he cannot be charged with neglect with respect to the subtenant, and a judgment in plaintiff's favor will be reversed and the complaint dismissed.

APPEAL by defendant W. & E. Realty Company, Inc., from judgment of the Municipal Court of the

4

Appellate Term, First Department, November, 1918.    [Vol. 105.

city of New York, borough of Manhattan, ninth district, in favor of plaintiff.

Ernst, Fox & Cane (Melville H. Cane and Joseph Eliot Klein, of counsel), for appellant.

Louis Manheimer, **for** respondent.

GUY, J.  The plaintiff, occupant of a loft on the third floor of a six-story building, has recovered damages against the appellant, owner of the fee, for injuries to his property on or about January 7, 1918, caused by the rain coming through the roof of the building and into the demised premises.  Plaintiff's landlord, the defendant Sadye L. Weingarten, is assignee of the lease of the whole building made by the owner to Samuel Weingarten.  The theory of the recovery as expressed by the trial judge in his decision is that the owner had notice that the roof was leaking and in bad condition; that after complaints made to plaintff's landlord, Weingarten, the roof was fixed by the owner's contractor in October, 1917, about three months before the damage; that " nevertheless, the only inference to be drawn is that the entire roof was not put in such good condition as to have avoided the very occurrence which caused this damage and for which this action is brought.  I am satisfied that the damage was due to the negligence of defendant, and I award judgment for the plaintiff in the sum of $400."

Under the lease from the owner to Weingarten, the plaintiff's landlord, the latter covenanted to " make all repairs, both inside and outside on the said premises which may be necessary during this term, except roof and sidewalk."  Assuming, without deciding, that the owner was under an implied duty towards its lessee, Weingarten, to make repairs to the roof because

that part of the building was excepted from the lessee's obligation to repair (*Woodward* v. *Jones,* 15 Misc. Rep. 1; *Zbarazer Realty Co.* v. *Brandstein,* 61 id. 623. But see *Castagnette* v. *Nicchia,* 76 App. Div. 371), the plaintiff, sub-tenant, could have no remedy against the owner for breach of its undertaking, there being no privity of contract between them. Respondent claims, however, that the effect of excepting the roof from the lessee's covenant was to leave the owner in control of the roof; that the duty thus devolved upon the owner by law to keep the roof in a reasonably safe condition, the breach of which duty was evidenced by the damage sustained. In the light of the evidence, including the written lease of the entire premises, this claim cannot be upheld. While the owner remained at all times liable to the sub-tenant for its negligence it was not under the duty, which devolved upon plaintiff's landlord, to keep the roof and common appurtenances of the premises in a safe condition for the sub-tenants. *O'Rourke* v. *Feist,* 42 App. Div. 136; *Levine* v. *Baldwin,* 87 id. 150; *Levy* v. *Roosevelt,* 131 id. 8.

Under the circumstances disclosed the failure of the appellant to make sufficient repairs in October does not authorize a finding of negligence. The evidence shows that at some time between October and January seventh notice was given to the owner of the leaky condition of the roof, that it thereupon sent a roofer to fix it, and he testified that either in the early or the latter part of October, 1917, he was there and put the roof in good, serviceable condition, which fact he reported to the owner, and that he did not visit the building again until the plaintiff's property was damaged through cracks in the roof on or about January 7, 1918. Although the testimony tends to show that the roof leaked from time to time after the repairs

Appellate Term, First Department, November, 1918.    [Vol. 105.

were made in October, it does not appear that any notice of this condition was given to the owner and no claim is made of any personal neglect on the part of the owner as distinguished from the alleged breach of covenant.    Evidently the repairs that were made in October were sufficient to protect the property of the sub-tenants between that date and January seventh; and the mere breach, if any, of the so-called implied covenant did not charge the owner with neglect with respect to the sub-tenant.    *Frank* v. *Mandell,* 76 App. Div. 413; *Nagle* v. *Davies,* 60 Misc. Rep. 479; *Marston* v. *Frisbie,* 168 App. Div. 666.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with appropriate costs in the court below.

BIJUR and MULLAN, JJ., concur.

Judgment reversed, with costs.