[No. 5825.  Decided December 28, 1905.]

ELIZABETH CHAPIN BANCROFT, *Respondent*, v.
JOHN W. GODWIN *et al., Appellants.*[1]

LANDLORD AND TENANT—REMODELING BUILDING—NEGLIGENCE. A
landlord is liable to his tenant for damage caused by the negligence
of contractors in remodeling the building, whether they are principal
contractors, employed by the landlord, or subcontractors.

APPEAL AND ERROR—REVIEW—VERDICT CONTRARY TO ERRONEOUS
INSTRUCTIONS—ERROR WITHOUT PREJUDICE. Where a landlord is
liable to his tenant for damage caused by the negligence of con-
tractors in remodeling the building, the verdict of a jury against the
landlord will not be set aside because contrary to an erroneous in-
struction to the jury to the effect that the landlord would not be
liable for the negligence of the contractors.

LANDLORD AND TENANT — DAMAGE TO GOODS OF LESSEE BY SUB-
CONTRACTOR—LIABILITY OF PRINCIPAL CONTRACTOR. A contractor for
the remodeling of a building under a contract with the landlord is
not liable to a tenant for damages to his goods sustained through
the negligence of a subcontractor.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered March 7, 1905, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
damages. Affirmed in part and reversed in part.

*Allen, Allen & Stratton* and *Gill, Hoyt & Frye,* for ap-
pellants.

*G. F. Bogue,* for respondent.

ROOT, J.—Respondent commenced this action to recover
damages against the appellants jointly, on account of an
injury to a stock of goods, caused by leakage of water upon
the same while contained in a building which she had leased
for store purposes from appellant Godwin, and which build-
ing, at the time of the injury complained of, was being re-
modeled. Appellant Godwin interposed an answer denying
all the material allegations of the complaint tending to charge

[1]Reported in 83 Pac. 189.

him with liability. The appellants Ryan & Co. interposed an answer containing some denials, and setting forth an affirmative defense to the effect that the actual work of remodeling this building was being done by one McDonald, who was an independent subcontractor. Upon the trial the jury returned a verdict in favor of respondent, as against all the defendants, in the sum of $500. Motions for new trial were interposed by Godwin and by Ryan & Co., respectively, and each also moved for a judgment in his favor *non obstante veredicto*. All of these motions were denied, and judgment was entered in accordance with the verdict. From this all of the defendants appealed.

Numerous errors are assigned upon rulings of the court touching the introduction of testimony; but an examination of these rulings convinces us that no substantial or reversible error was committed. Among other instructions the court gave the jury the following:

"In this connection I charge you that T. Ryan & Co. were not the servants and employees of said Godwin,"

and further:

"If you find that the damage was not done by any of Godwin's negligence, or the servants of Godwin, but was done by T. Ryan & Co., his agents or servants, or by any other subcontractor, then you must find in favor of Godwin, as I have instructed."

It is contended by appellant Godwin that, under this instruction, no verdict should have been rendered as against him, and that said instruction was binding and conclusive, even though it should be deemed incorrect as a proposition of law. As a matter of law, in the light of the facts in this case, this instruction was erroneous. The proposition therein contained would be sound if Godwin's liability depended merely upon the question of negligence, and was purely a matter of tort. It is alleged in the complaint, and shown by the evidence, that the remodeling of this building was done in such a careless and unskillful manner that, during a rain

storm, the water found its way through the roof and ceiling, and caused the plastering to be moistened and to fall upon respondent's goods, to their serious damage. Godwin had entered into a contract with Ryan & Co. to do the work of remodeling this building. Ryan & Co. had sublet or transferred the contract to McDonald, who had sole charge of the manner in which the work was done, neither Godwin nor Ryan & Co. participating therein. Hence, no tort on the part of Godwin occasioned the injury complained of.

But it must be remembered that the relation of landlord and tenant existed between Godwin and respondent. The former had leased these premises to the latter as a store building, and by virtue of said lease, actually, or by implication, guaranteed that he would neither do, nor permit to be done, anything which would render said premises unfitted for such purpose, or disturb the substantial enjoyment by his tenant thereof, as contemplated by said lease. When he undertook to remodel said building, it was incumbent upon him to see that said modification was accomplished in such a manner as not to damage the goods of his tenant, or in any way seriously interfere with the beneficial enjoyment of the tenancy created by said lease. Having, however, caused this remodeling to be undertaken, and not having supervised it so as to avoid impairing his tenant's property and substantial rights, he became liable in damages for the injury thereby wrought. *Wusthoff v. Schwartz,* 32 Wash. 337, 73 Pac. 407.

The rule contended for by appellant Godwin, that the verdict of a jury which is contrary to an erroneous instruction of the court should be set aside, we cannot apply in this case. There are doubtless some cases where this is a proper and salutary rule. But we do not deem it such where the facts are as this record reveals. We do not think the former decisions of this court are such as to establish this as a rule applicable in all cases of erroneous instructions followed by verdicts inconsistent therewith. The verdict of the jury, so far as it affects Godwin, will not be disturbed. For the rea-

sons already suggested, the motion of defendant Godwin for a judgment notwithstanding the verdict was properly denied.

The motion for judgment in favor of Ryan & Co. *non obstante veredicto* should have been granted. No relationship of landlord and tenant existed between respondent and Ryan & Co. There were no contractual relations whatever between them. If respondent had any cause of action against Ryan & Co., it was in tort arising by reason of the careless and negligent manner in which the work was being done. But it was alleged and established by the proof that Ryan & Co. neither did this work nor had any supervision, control, or management thereof. Any negligence or carelessness was not theirs, but entirely that of their subcontractor, McDonald. As the latter did the work in his own manner and without the direction, control, or supervision of the original contractor, he became and was an independent contractor, and was directly responsible for his acts and omissions, and incapable of charging the original contractor with any negligence committed in the carrying out of the contract. *Larson v. American Bridge Co.,* 40 Wash. 224, 82 Pac. 294.

The judgment of the honorable superior court, in so far as it affects the appellant Godwin, is affirmed. In so far as it affects the defendants Ryan & Co., it is reversed and remanded with instructions to dismiss the action as to said appellants.

MOUNT, C. J., CROW, HADLEY, and RUDKIN, JJ., concur.

DUNBAR, J. (concurring)—I concur in the result, but wish to emphasize my disapproval of the rule contended for by the appellant that the verdict should be set aside because it does not accord with the instructions, considering the instructions to be erroneous. The object of a lawsuit is to do justice to litigants and when it is manifest to an appellate court that justice has been done, and it appears conclusively that errors of law have been errors without prejudice, it will not defeat the ends of justice by reversing a case which has been rightly decided.