(November 27, 1906.)

## PÉTER J. FREPONS, Respondent, v. R. GROSTEIN, Appellant.

[87 Pac. 1004.]

JOINDER OF CAUSES OF ACTION—EXCESSIVE DAMAGES—PREJUDICE OR
PASSION OF JURY—OBSTRUCTION OF LIGHT AND AIR—INSUFFICIENCY
OF EVIDENCE—ARBITRATION—MATTERS CONSIDERED BY ARBITRATORS
—INSTRUCTIONS TO JURY—SUBSTANTIAL CONFLICT IN EVIDENCE—
RIGHTS OF TENANT—RIGHTS OF LANDLORD—ABANDONMENT OF
PREMISES—ERRORS—SUBSTANTIAL RIGHTS.

1. Under the provisions of section 4169, Revised Statutes, a
plaintiff may join in the same action all injuries to property aris-
ing out of the same contract.

2. *Held,* that the record does not show that the jury were in-
fluenced by prejudice or passion in arriving at their verdict.

3. Where the court instructs a jury, in a damage case, that the
plaintiff cannot recover because of the obstruction of light or air,
the presumption is that the jury observed the instruction.

4. *Held,* that the evidence is sufficient to sustain the verdict of
the jury.

5. Where the plaintiff and defendant enter into an agreement
to arbitrate certain differences between them, and the question is
put in issue in an action whether future damages were considered
by the arbitrators, it is a question of fact for the jury, and where
there is substantial conflict in the evidence on that point, the ver-
dict of the jury will not be disturbed.

6. The court properly instructed the jury to the effect that if
they found that the respondent had submitted to the arbitrators

not only the damages which had accrued, but also the damages which might accrue in the future, it would be a complete settlement of the matter, and also instructed them to determine from the facts as shown by the evidence what matters were submitted.

7. A landlord cannot, after he has rented rooms for a certain purpose, so tear down and mutilate the building as to render such rooms unsuitable for the purpose for which they were leased, without being liable for damages, unless he first obtain permission of the lessee.

8. If a landlord make a leased premises unfit for the uses for which it was leased, he cannot recover rent for the leased premises if the lessee abandons the same.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Nez Perce County.   Hon. Edgar C. Steele, Judge.

Action to recover damages.   Judgment for the plaintiff. *Affirmed.*

Eugene O'Neill and Lloyd H. Eriesson, for Appellant.

The first cause—damage to furniture from tearing out of walls—being on contract based upon terms of the lease for quiet enjoyment, and the second, on a purported tort in the wrongful and unlawful construction of an adjoining building creating an alleged nuisance resulting from an alleged trespass, such causes cannot be joined.   (Rev. Stats., sec. 4169; *Kruger v. St. Joe Lumber Co.,* 11 Idaho, 504, 83 Pac. 695.)

The lease is not surrendered or the term ended where, as in this case, the plaintiff retains the keys and refuses to let the landlord enter or re-lease the premises. (Taylor on Landlord and Tenant, sec. 517.)

One of the implied covenants of a lease is that the tenant shall pay rent so long as he holds the property.   The plaintiff never surrendered his lease.   The mere entry upon a portion of the property or disturbing of a tenant without eviction does not relieve from this covenant to pay rent.   (1 Taylor on Landlord and Tenant, sec. 380.)

While the plaintiff retained possession and control of the leased premises, he could not avoid this rent, and he could not set up as counterclaim any damages or offsets resulting from the condition of the premises, or for an invasion of any portion thereof by the defendant. Such invasion would be a trespass, and cannot be counterclaimed against an action upon contract. (*Borell v. Lawton,* 90 N. Y. 293, 43 Am. Rep. 170; *City of Lewiston v. Booth,* 3 Idaho, 692, 34 Pac. 809; Rev. Stats., secs. 4183, 4184; *Bartlett v. Farrington,* 120 Mass. 284; *Lounsbery v. Snyder,* 31 N. Y. 514.)

J. C. Applewhite, B. S. Crow and S. O. Tannahill, for Respondent.

The complaint states but one cause of action. It is for breach of covenant for quiet enjoyment. (*McDowell v. Hymen,* 117 Cal. 67, 48 Pac. 984.) But if it be conceded that several causes of action have been joined, they have been properly joined. They are all for "injuries to property." (Rev. Stats., sec. 4169.)

"Causes of action for injuries to property form a distinct class, and the generality of this language permits the union of claims arising from injuries of all kinds, whether with or without force, whether direct or consequential, and whether to real ·or to personal property." (Pomeroy's Code Remedies, 4th ed., sec. 389.)

Where the landlord erects a structure partly or wholly upon the leased premises, the wrongful erection of the structure is held to be an eviction. (*Boyce v. Guggenheim,* 106 Mass. ·201, 8 Am. Rep. 322.)

If defendant in the case at bar interfered with the walls of the building which he had leased, or put a building partly upon the leased premises in such manner as to darken the windows on those premises, it amounted to an eviction. (*Wusthoff v. Schwartz,* 32 Wash. 337, 73 Pac. 407.)

There can be no question that building so close to a hotel as to darken the outside rooms will very largely destroy its value as hotel property. Therefore, having leased the property for that specific purpose, the landlord would have no

right, during the life of the lease, to do anything which would damage the value of the leasehold. (*Lay v. Bennett,* 4 Colo. App. 252, 35 Pac. 748-750; *Bancroft v. Goodwin,* 41 Wash. 253, 83 Pac. 189.)

This lease would also include the outer walls of the building, and in fact all parts of the building necessary to the enjoyment of the rooms leased. A landlord cannot, because he has rented certain rooms in a building, so tear down and destroy and mutilate the building as to render those rooms unsuitable for the purposes for which they were leased, without being liable in damages. (*McDowell v. Hyman,* 117 Cal. 67, 48 Pac. 985; *Wusthoff v. Schwartz,* 32 Wash. 337, 73 Pac. 407; *Bancroft v. Goodwin,* 41 Wash. 253, 83 Pac. 189.)

It is further contended that plaintiff never, at any time, turned over his lease or received the consent of the defendant to abandon the premises. The undisputed proof shows that he did abandon the premises on the 20th of May, 1905. This he had a right to do. (*Royce v. Guggenheim,* 106 Mass. 201, 8 Am. Rep. 322; *York v. Stewart,* 21 Mont. 515, 55 Pac. 29, 43 L. R. A. 125; *Lay v. Bennett,* 4 Colo. App. 252, 35 Pac. 748.)

Since defendant did not comply with the implied conditions of his lease, he was not entitled to rent.

SULLIVAN, J.—This action was brought to recover damages alleged to have been sustained by the plaintiff, who is the respondent here, to a leasehold premises known as the "Gate Way Hotel," situated in the city of Lewiston, Nez Perce county, and the hotel furniture situated therein. It appears from the record that the appellant owned the Gate Way Hotel and the premises on which it was situated and the adjoining lot; that he leased said hotel to one Baughman, and thereafter said Baughman assigned said lease to the plaintiff; that said plaintiff entered into the possession of said premises under said lease about the twelfth day of November, 1904, and remained in possession thereof until the twentieth day of May, 1905, and paid rent therefor until the last-named date. About the first day of April, 1905, the appellant commenced the

erection of a building upon the lot adjoining said hotel property; it is alleged that the appellant in erecting said building tore down the walls and roof of portions of said hotel, and built other walls in the place of those taken down; that by this tearing down and rebuilding the hotel was rendered useless for a hotel property, and that respondent's furniture was damaged in the sum of $100, and that he was obliged to move out of the hotel; that respondent was further damaged to the extent of $1,100 because of the erection of said building, and prayed for judgment for $1,200. Appellant demurred to the complaint: First, that two purported causes of action had been improperly joined—(a), the cause of action for injury to property and disturbing the quiet enjoyment under the lease, and (b), a tort by creation of a nuisance. Second, that the complaint did not state facts sufficient to constitute a cause of action, which demurrer was overruled by the court. Thereupon appellant answered and set up three defenses. The first was a denial that the respondent was damaged by reason of the erection of said building; the second that the respondent had arbitrated the matters involved in this suit, and that the arbitrators had awarded him $75 as damages, which had been paid by the appellant and received by the respondent. In the third defense the appellant, by way of cross-complaint, alleged that he had rented the premises to respondent, that the rent for the same was $75 per month, that the respondent owed him for two months rent, and he asked for judgment for $150. The cause was tried to a jury and a verdict was rendered in favor of the respondent for $200. A motion for a new trial was overruled and judgment entered in favor of the respondent for $200 and costs of suit. This appeal is from the judgment and order denying a new trial.

A number of errors are assigned. The first we will consider is that the court erred in overruling the demurrer to the complaint. It is contended that two causes of action are improperly joined. There is nothing in this contention, for the reason that the damages sued for arose out of the same contract

and were for injuries to property. (Rev. Stats., sec. 4169.) It is also specified that excessive damages were given by the jury under the influence of passion and prejudice. We have examined the evidence with considerable care, and are satisfied that passion or prejudice did not influence the jury in arriving at its verdict. And it is specified that it was error to submit the question of damages to the jury because of obstructing the light and air to said leased premises. There was some evidence introduced on that question. The court, however, instructed the jury that respondent could not recover for any such alleged damages, and the presumption is that the jury obeyed the instructions. The third specification is the insufficiency of the evidence to justify the verdict or decision. While the evidence is not as clear as it might be as to the actual damage done, yet we think it sufficient to sustain the verdict for $200.

It is contended that the arbitration pleaded in the answer was binding upon the parties, and that the arbitrators took into consideration past damages and future damages for what was to occur until the completion of the new building. One of the arbitrators testified that they were to take into consideration the condition of the furniture, "driving the roomers away, and the future condition, consideration of tearing out the rear walls. Yes, sir, and darkness of the rooms. Mr. Frepons presented all of this matter to me." That witness further testified: "I didn't take into consideration only that Mr. Frepons mentioned to me as it was a hard matter to see what would occur." The respondent himself testified that he did not state to the arbitrators that their arbitration should include anything that might occur after the date that they were to pass upon the arbitration. There seems to be a conflict in the evidence on this point. The testimony of the witness Arnold is not very positive, and the arbitrator Dill testified that the condition of the furniture was one matter presented for the arbitrators' consideration, and that "if I remember right, the removal of the wall and the damage that they sustained to that time by the inconvenience that had been

caused, and I think the light.'' We are unable to determine
from the agreement for arbitration what was taken into con-
sideration by the arbitrators. It simply states that a contro-
versy is now existing and pending between the appellant and
respondent in relation ''to certain damages to a lease held on
the Gate Way Hotel,'' and the article itself does not state
whether future damages are to be taken into consideration or
not. And we cannot, from the verdict, ascertain from what
items of damage the verdict was made up.

We think from all the testimony that the jury might rea-
sonably infer that no future damages were included in the
arbitration. The court charged the jury upon the matter
of arbitration to the effect that if they found that the re-
spondent had submitted to arbitration not only the damages
which had accrued but the damages which might accrue in
the future, it would be a complete settlement of this matter,
and also instructed them to determine from the facts as shown
by the evidence what matters were submitted for arbitration.
To put it most strongly in favor of the appellant, if the tes-
timony of the two arbitrators was to the effect that they took
into consideration future damages, taking all the evidence to-
gether, there is a substantial conflict upon that point, and un-
der the well-established rule of this court a reversal will not
be granted where there is a substantial conflict in the evidence.
It is well established that a landlord cannot, after he has
rented rooms in a building for a certain purpose, so tear down
and destroy or mutilate the building as to render such rooms
unsuitable for the purposes for which they were leased with-
out being liable for damages. (*Bancroft v. Goodwin,* 41
Wash. 253, 83 Pac. 189, and authorities there cited.)

It is also contended by appellant that the respondent never
at any time turned over his lease to the landlord or received
the consent of appellant to abandon the premises. Undis-
puted proof shows that they did abandon the premises on the
twentieth day of May, 1905, and we think, under the facts
of the case, they had a right to do so. (*Royce v. Guggenheim,*
106 Mass. 201, 8 Am. Rep. 222.) A landlord cannot make a

leased premises unfit for the uses for which it was leased and recover rent therefor if the premises be abandoned.

Certain errors are assigned in regard to the admission and rejection of testimony. Some evidence was admitted over the objection of appellant that was afterward shown to be incompetent, and the court charged the jury not to consider such evidence. We have examined all the errors specified and find no substantial error in the record. We find no error that affected the substantial rights of the appellant. The judgment must, therefore, be affirmed, and it is so ordered. Costs are awarded to the respondent.

Stockslager, C. J., and Ailshie, J., concur.