JAMES E. PLEW, Appellant, *vs.* E. M. BOARD *et al.* Appellees.

*Opinion filed June 22, 1916—Rehearing denied October 4, 1916.*

1. PLEADING—*after judgment, pleading is liberally construed.* The rule that pleadings will be construed most strongly against the pleader is reversed after judgment, and the pleading upon which the judgment is based will be liberally construed in order to sustain the judgment.

2. SAME—*a copy of note sued on is part of statement of claim.* A copy of one of several notes sued upon must be considered as a part of the statement of claim in the municipal court, where there is nothing else in the statement of claim giving any information as to the cause of action.

3. CORPORATIONS—*notes of a foreign corporation are not invalid because it has not complied with Illinois laws.* Notes of a foreign corporation payable at a bank in Illinois are not invalid even though the corporation has not complied with the laws authorizing it to transact business in Illinois, as such laws are not intended to prevent a foreign corporation from purchasing goods or supplies in Illinois and executing its notes or obligations for the indebtedness.

4. SAME—*what is not engaging in business in this State.* Entering into one contract or transacting an isolated business act is not engaging in business in this State.

Appeal from the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding.

Frederick A. Freeark, for appellant.

Samuel Shaw Parks, for appellees.

Mr. Justice Cartwright delivered the opinion of the court:

James E. Plew, the appellant, brought this suit in the municipal court of Chicago against Ellsworth M. Board and Charles B. Hull, the appellees, and others, and filed the following statement of his claim:

"Plaintiff's claim is for the principal of and interest on two several promissory notes of which plaintiff is the owner and holder and copies of which are hereto attached, said notes purporting to have been executed by the United Publishing Company, a pretended corporation, but plaintiff avers and charges the fact to be that said corporation had not at the time of the execution of said notes or the date thereof, and never has, complied with the laws of this State relating to corporations, and was not at such time, and never has been, authorized or licensed to execute said notes or otherwise transact business in this State, but that said notes are the obligation of the first four above named defendants as makers, said defendants being or pretending to be stockholders, officers, agents and the board of directors of said corporation, and assuming, as such, to exercise corporate powers under said corporate name, and also the obligation of the other defendants as indorsers.

"$500.00.                    Chicago, Ills., *July 1st, 1911.*

The United Publishing Company Corporate Seal 1911 Deleware.

One year after date we promise to pay to the order of The Morrison Publishing Company five hundred dollars at any Chicago bank. Value received.

The United Publishing Company,
By H. L. Bird, *President,*
E. M. Board, *Treasurer.*"

Following the above there were copies of indorsements and of another note precisely like the above, together with

the indorsements thereon. The appellees by their affidavit of merits alleged that the notes were made by a corporation known as the United Publishing Company, a Delaware corporation, and that they were not liable on the notes, with other matters of defense. There was a trial, at which the court found the issues for the appellant and entered judgment against the appellees for $1111.38 and costs. On an appeal to the Appellate Court for the First District the judgment was reversed, and the court granted a certificate of importance and an appeal to this court.

The record is the common law record, only, consisting of the statement of claim, the affidavit of merits, and the finding and judgment in the trial court and the judgment of the Appellate Court. The judgment was reversed by the Appellate Court because the statement of claim did not show any ground of legal liability or state a cause of action against the appellees.

After judgment, the rule by which pleadings before judgment are construed most strongly against the pleader is reversed and the pleading upon which the judgment is based is liberally construed for the purpose of sustaining the judgment. (*Chicago and Alton Railroad Co.* v. *Clausen,* 173 Ill. 100; *Klawiter* v. *Jones,* 219 id. 626; *Sargent Co.* v. *Baublis,* 215 id. 428; *Diamond Glue Co.* v. *Wietzychowski,* 227 id. 338.) If the statement of claim filed in this cause stated a cause of action, however defectively or imperfectly, and the issue joined was such as necessarily to require proof of the facts defectively stated, it would be sufficient. Counsel for appellant entertains the view that the statement of claim was based on two different theories of the liability of the appellees: one that the appellees failed to complete the organization of an attempted domestic corporation in this State, creating a liability under section 18 of the Incorporation act; and the other, that it alleged doing business in this State by a foreign corporation without lawful authority.

We agree with the Appellate Court that the statement
cannot be interpreted as alleging the exercise by the appel-
lees of corporate power without complying with the provi-
sions of the Incorporation act. The statement began with
a recital that the claim was upon two notes purporting to
have been executed by the United Publishing Company, a
pretended corporation, and it then averred as a fact that
the said corporation had not at the time of the execution
of the notes, and never had, complied with the laws of this
State relating to corporations, and was not at such time,
and never had been, authorized or licensed to execute such
notes or otherwise transact business in this State. Char-
acterizing the corporation as a pretended one was not an
averment of any fact, and if regarded as descriptive, as
being false or unreal, it applied as well to the want of au-
thority to act as a corporation in this State as to anything
else. It was immediately followed by averments of fact
denoting the locality where the corporation could not law-
fully act as such, and these could relate to nothing but a
foreign corporation. By the regular practice at law a copy
of a writing upon which a suit is brought is no part of a
declaration. (*Pearsons* v. *Lee,* 1 Scam. 193; *Harlow* v.
*Boswell,* 15 Ill. 56; *Franey* v. *True,* 26 id. 184; *Gage* v.
*Lewis,* 68 id. 604.) By the exceptional practice prescribed
for the municipal court, the statement of claim must con-
sist of a statement of the account or of the nature of the
demand, and it is called a bill of particulars. (Gilbert's
Practice in the Municipal Court, 198.) In the statement
in this case there was nothing except the copies of the
notes to give the appellees any information whatever of
the dates, amounts, maturity, indorsements, by what offi-
cers executed, or any other particulars necessary to a state-
ment of a cause of action against the appellees. The cop-
ies of the notes were a necessary part of the statement of
claim, and cannot be regarded as copies annexed to a dec-
laration where the cause of action is stated in the declara-

tion itself. The copies of the notes had on their faces a corporate seal, on which appeared the word "Deleware," and taking the whole statement, it was that there was a cause of action against the appellees because the United Publishing Company made two notes when not authorized to transact business in this State. That was not a statement of any cause of action against the appellees, because the giving of notes by a foreign corporation is not transacting business in this State. It was not the intention of the statute that a foreign corporation could not incur indebtedness in this State for the purchase of supplies or property or otherwise, or give notes or obligations for its indebtedness, without complying with the conditions for procuring a license to transact business in this State, for which purpose the corporation must give the location of its principal business office and the name of some person who may accept service upon the corporation and become bound to make the reports required of domestic corporations and assume other burdens. The scope of the statute was explained in *Alpena Portland Cement Co.* v. *Jenkins & Reynolds Co.* 244 Ill. 354, and *American Art Works* v. *Picture Frame Works,* 264 id. 610. Entering into one contract or transacting an isolated business act is not engaging in business in this State. (12 R. C. L. 69.) The giving of the two notes mentioned in the statement of claim was not transacting business in this State, and therefore the appellees did not become liable on the ground that they were unlawfully assuming to exercise corporate powers here.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*