CAROLINE WENDLAND, Appellant, v. HARRY BERG et al.,
Appellees.

PRINCIPAL AND AGENT: Liability of Agent—Nonfeasance. An
1  agent is not personally liable to a third person for mere non-
feasance.

PRINCIPAL AND AGENT: Liability of Agent—Rental of De-
2  fective Premises. Agents who rented real property to a tenant
were not liable for an accident resulting from the giving away
. of a filled well, where, although they knew that the well had
been filled, they knew nothing which would cause them to
believe there was any danger, and where there was no duty of
inspecting the same, even as between them and their principal.

*Appeal from Scott District Court.*—M. F. DONEGAN, Judge.

OCTOBER 25, 1919.

REHEARING DENIED JANUARY 20, 1920.

ACTION for damages for personal injuries sustained by
plaintiff as a result of falling into a hidden excavation up-
on the premises occupied by plaintiff as tenant. At the
close of the evidence, there was a directed verdict for the
defendants, and the plaintiff appeals.—*Affirmed.*

*Andrew L. Chezem* and *M. V. Gannon,* for appellant.

*Albert W. Hamann,* for appellees.

EVANS, J.—The plaintiff was a tenant of certain resi-
dence premises in Davenport. The owner was Margaret
Harrington, nonresident of the city.

The defendants were related to such owner, and acted
as her agents in the renting of said premises and in collect-
ing the rents therefrom. The plaintiff originally rented
the premises from a Mrs. William Harrington, another rela-
tive of the owner's, and made the initial payment of rent
to her. Thereafter, she paid all the rent to the defendants.
After she had been in the occupancy of the premises about
one year, she suffered a remarkable accident. The ground

gave way under her feet, and she fell into an excavation, 14 feet deep. She claims damages for her injuries from these defendants on the following grounds: (1) That the defendants were in the occupancy of the premises; (2) that they placed the plaintiff in occupancy thereof as tenant, and negligently failed to inform her of the hidden excavation, although they themselves had knowledge thereof.

As to the first ground, it is enough to say that defendants were not in occupancy of the premises in any other sense than that they acted as agents for the owner in reference thereto.

1. PRINCIPAL AND AGENT: liability of agent: non-feasance.

It appears from the evidence that there had formerly been an old well upon these premises, which was not in use. In the year 1913, the then tenant of the premises obtained permission to fill it up, and did so. It was filled level with the ground, and the place thereof soon became grass-grown, and a part of the lawn. There was nothing on the surface to indicate any peril of any kind. The defendants knew of the existence of the old well, and knew that it had been filled up. They knew nothing which would cause them to believe that any danger was covered thereunder. The accident to the plaintiff happened about four years after the filling of the well. The record offers no explanation of the cause of the hidden excavation, other than the inference that there must have been a process of settling, which caused the excavation into which the surface finally fell.

The evidence discloses no wrongful act on the part of the defendants in an affirmative sense. There was no misfeasance. If they can be charged with negligence, it must be because they failed to perform some duty owed by them to the plaintiff.

A defendant may not plead agency in defense of his wrongful act, to the injury of another. Even an agent may be held personally liable for wrongful acts of misfeasance

committed by him. But when a charge of negligence against an agent is based upon mere nonfeasance, quite a different question is presented. Negligence by nonfeasance can occur only by failure to perform some duty owed to the injured party. It is the general rule, recognized in this state, that an agent is not personally liable to a third party for mere nonfeasance. *Williams v. Dean,* 134 Iowa 216; *Minnis v. Younker Bros.,* (Iowa) 118 N. W. 532 (not officially reported).

In this case, the defendants did not know that any danger was lurking at the place in question. The evidence discloses nothing which imposed upon them the duty of inspection and discovery, even as between them and their principal. If they owed no such duty to their principal, they owed no more to the tenant of the principal. The tenant knew them as agents, and nothing more, and presumably knew that their duties as to the premises were limited by their obligations to the principal. The motion for a directed verdict was properly sustained, and judgment is—*Affirmed.*

2. PRINCIPAL AND AGENT: liability of agent: rental of defective premises.

LADD, C. J., PRESTON and SALINGER, JJ., concur.