[No. 16891. Department Two. April 21, 1922.]

ALECK ALEXIS *et al., Respondents,* v. HATTIE S. PITTINGER *et al., Appellants.*[1]

LANDLORD AND TENANT (60)—INJURY TO PREMISES BY LANDLORD—NEGLIGENCE—DEFENSES. The fact that blasting on leased premises was done by an independent contractor, employed by the landlord to do the blasting, is no defense to the tenant's action for damages to the demised premises, and disturbing the tenant's quiet possession thereof; especially where the operations were supervised by the landlord, and were wilfully designed to disturb the tenant.

SAME (60)—NEGLIGENCE—EVIDENCE—SUFFICIENCY. Where a landlord reserves the right to clear uncleared portions of the land leased, the fact that the usual and customary method was by blasting with stumping powder would not justify the negligent and wanton use of excessive charges of powder in such a manner as to

[1]Reported in 206 Pac. 370.

unnecessarily injure, damage and deprive a lawful tenant of peaceable possession of the premises not being cleared.

NEW TRIAL (25)—GROUNDS—EXCESSIVE DAMAGES. It is not an abuse of discretion for the trial court to deny a motion for new trial based on excessive damages due to passion and prejudice in an action for damages to buildings and business by blasting stumps, where the jury returned a verdict of $700 and the evidence would justify a larger verdict on the basis of loss of profits alone.

Appeal from a judgment of the superior court for Clarke county, Blake, J., entered June 10, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages. Affirmed.

*W. G. Drowley* and *McMaster, Hall & Schaefer,* for appellants.

*Chas. S. Lane,* for respondents.

HOLCOMB, J.—Respondents in this action sought to recover damages on two causes of action in the total sum of $3,000.

In their complaint they allege as a first cause of action that they leased certain lands from appellants, and that appellants wrongfully evicted them from a portion of the lands so leased, to their damage in the sum of $2,000.

In the second cause of action, they allege that appellants disturbed their possession of the premises by blasting trees thereon and damaging certain chicken houses and respondents' chicken business by such blasting, to their damage in the sum of $1,000.

Appellants in their answer admit the execution of the lease, but deny that they evicted respondents from any portion of the leased premises, and deny that they disturbed respondents' possession of the premises by blasting.

The jury returned a verdict upon the two causes of action in the total sum of $700. Motion for a new trial was denied and judgment entered upon the verdict.

Twelve assignments of error are urged in three groups, and may be summarized as follows: First, that the clearing of trees and the blasting complained of was done by a man named Smith, who was an independent contractor, and appellants were not responsible for any damage he may have caused. Second, that in reserving the right to clear the uncleared portions of the leased land, appellants are excused from any damage resulting, providing only that they used the usual and customary methods of land clearing generally employed in that vicinity. Third, that the evidence does not justify the amount of the verdict rendered.

As to the first question, under the evidence, Smith was not such an independent contractor as would excuse appellants. Appellants were the lessors, granting to respondents as lessees peaceable and quiet possession and enjoyment of the demised premises, with certain reservations in themselves. Smith testified that he was hired to do the work. Whether he was hired as a laborer or given a contract for the job or by the acre is immaterial, since he was employed by appellants to go upon the premises and directed to do exactly what he did.

The case is very similar to that of *Wusthoff v. Schwartz*, 32 Wash. 337, 73 Pac. 407, where we said:

"Respondent further insists that it appears that the work was to be done by contractors, and that they were instructed by her not to begin it until appellants had consented; that, if they did not get such consent, they alone are responsible, and that she cannot be held liable for their misconduct. The contractors were, in any event, the agents of respondent, and as such were authorized to do the work. There is no evidence that appellants had notice that the contractors had disregarded respondent's instructions. The agents were sent to the premises to do the very things which they

did. They were done within the apparent scope of their authority, and in the absence of any notice to appellants as to the extent thereof. The acts therefore became, as to these appellants, those of the principal."

And again in *Bancroft v. Godwin,* 41 Wash. 253, 83 Pac. 189, citing *Wusthoff v. Schwartz, supra,* we adhered to the same principle and said:

"When he undertook to remodel said building, it was incumbent upon him to see that said modification was accomplished in such a manner as not to damage the goods of his tenant, or in any way seriously interfere with the beneficial enjoyment of the tenancy created by said lease. Having, however, caused this remodeling to be undertaken, and not having supervised it so as to avoid impairing his tenant's property and substantial rights, he became liable in damages for the injury thereby wrought."

The latter observations apply peculiarly to the facts in this case. It is shown here that appellants were present and supervising a good deal of the time during the clearing and blasting operations, appearances being that the operations were wilfully designed to disturb respondents. Blasting was commenced within 150 feet of respondents' large chicken house, and large rocks, portions of trees and dirt were cast thereon, many of which made holes through the roof and caused other damages as shown by the evidence.

By the terms of the lease, appellants reserved the right to clear uncleared portions of the land. They offered to prove that the ordinary and usual and proper way of clearing land in that vicinity was by blasting with stumping powder.

As to this, the evidence shows that, with ten or twelve acres of uncleared land, appellants chose to begin blasting operations within 150 feet of respondents' buildings; that whole trees were blown out and that excessively large charges of powder, amounting

to 15 or 16 sticks to the tree, were used, and that debris was cast all over the cleared land and buildings of respondents. Though it might be admitted that the usual and ordinary method of clearing land of trees in that vicinity was by blasting them with stumping powder, no usual and customary method could justify the negligent or wanton use of excessive charges of stumping powder or dynamite and the clearing of the land in such a manner as to unnecessarily injure, damage and deprive a lawful tenant of peaceable possession of the premises not being cleared.

We are therefore of the opinion that the court submitted the case to the jury under proper instructions, and that the offer to prove, and requested instructions by appellants, were incorrect.

As to the sufficiency of the evidence to justify the verdict, and that the verdict is the result of passion and prejudice, there is evidence that would justify a larger verdict on the basis of loss of profits alone. The trial court, upon denying the motion for a new trial, remarked:

"The amount of the verdict is rather larger than I should have agreed to had I been on the jury, but not so much so that I feel at liberty to say that the mere amount of it indicates that the jury were swayed by passion and prejudice in arriving at it. There is no suggestion of any other fact that would lead me to suspect that the jury were influenced in any degree by passion and prejudice."

We cannot, therefore, say that the discretion of the trial court was abused in refusing a new trial on the ground of the insufficiency of the evidence to justify the verdict.

Judgment affirmed.

PARKER, C. J., FULLERTON, HOVEY, and MACKINTOSH, JJ., concur.