C. S. Smith, Defendant in Error, *vs.* Fannie L. Rutledge *et al.*—(The Illinois State Trust Company, Plaintiff in Error.)

*Opinion filed October 25, 1928.*

Kramer, Kramer & Campbell, for plaintiff in error.

Clyde D. Miller, and A. A. Hunt, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

Upon petition of the Illinois State Trust Company a writ of *certiorari* issued out of this court to bring before us for review the record upon which is based a judgment of the Appellate Court for the Fourth District affirming a judgment of the city court of East St. Louis for the sum of $924.43 against the trust company and in favor of C. S. Smith.

The suit in which the judgment was rendered was brought by C. S. Smith against Fannie L. Rutledge, William A. Rutledge, Charles Strubhart and the Illinois State Trust Company, but only Strubhart and the trust company were served with process. The declaration alleged, among other things, that "the defendant Fannie L. Rutledge was the owner of certain premises on State street, in East St. Louis, consisting of a number of flats or apartments, which were heated by a central heating plant located upon the said premises; that the defendant Fannie Rutledge employed the defendants William A. Rutledge, Charles Strubhart and Illinois State Trust Company to rent and manage the said property for her as her agents; that the said agents

had full control of the management of said flats and the furnishing of heat and supplies to all of the tenants upon the said premises; that the said Fannie Rutledge, through her agents, had the possession, management and control of the said heating plant, and that the heating plant was operated by the means of burning oil as fuel in and under the boiler of said plant; that the said defendant, through her said agents aforesaid, was negligent in permitting the said oil to accumulate under the burner and to overflow the pipe and to collect in large quantities in and about the room wherein the said heating plant was contained, so that the oil stood in great quantities upon the floor of the said room and thereby became ignited on, to-wit, December 3, 1926, and a fire resulted from the combustion of the said oil on the said floor instead of being properly burned with the boiler; that the plaintiff was a tenant in the said flats and paid his rent from month to month to the Illinois State Trust Company, defendant, and while being such a tenant on aforesaid December 3, 1926, had in his possession household goods, wearing apparel and furniture which he had provided for himself and members of his family; that by reason of the fire, occasioned as aforesaid, his household goods, furniture, wearing apparel of himself and family were consumed by the said fire." The Illinois State Trust Company filed a plea of not guilty, and a further plea that it did not have the possession, management or control of the heating plant in the declaration mentioned, at any of the times in the declaration mentioned, nor were any of the acts of negligence in the declaration mentioned the acts of the trust company, nor was it at any time acting as the agent of Fannie L. Rutledge in the possession, management or control of the heating plant. The trial proceeded against Strubhart and the trust company. At the close of the plaintiff's evidence the suit was dismissed as to Strubhart. At the close of all the evidence the trust company moved the court to instruct the jury to find it not guilty, which mo-

tion was overruled. Motions for a new trial and in arrest of judgment were also made and overruled.

While in this State many of the ancient refinements and technicalities of common law pleading have been discarded, yet it is still necessary that a declaration should state in plain and simple language sufficient facts to show a liability to the plaintiff on the part of the person upon whom the liability is sought to be imposed. After judgment the rule by which pleadings before judgment are construed most strongly against the pleader is reversed and the pleading upon which the judgment is based is liberally construed for the purpose of sustaining the judgment. If the declaration filed in the cause states a cause of action, however defectively or imperfectly, and the issue joined is such as necessarily to require proof of the facts defectively stated, it is sufficient. (*Plew* v. *Board,* 274 Ill. 232; *Diamond Glue Co.* v. *Wietzychowski,* 227 id. 338.) Applying these rules, we must hold that while the declaration in this case is demurrable it is sufficient to sustain a judgment after verdict.

While in this case the allegations of the declaration, with all reasonable intendments arising therefrom, must be taken most strongly against the Illinois State Trust Company, yet these allegations must be sustained by some proof. We can not weigh conflicting testimony. We can only examine the record to ascertain whether there is any evidence therein which, taken with all the reasonable intendments arising therefrom most favorable to Smith, are sufficient to show a liability on the part of the Illinois State Trust Company. Where a principal engages an agent to do a certain work and take entire control of it, and the principal does not interfere but leaves it entirely with the agent, the agent, and not the principal, will be liable to third parties for injuries and damages sustained by the negligent or unskilled manner in which the work is done. (*Baird* v. *Shipman,* 132 Ill. 16.) The agent, however, must be in possession of the premises and have the entire and exclusive control thereof.

(*Kepperly* v. *Ramsden,* 83 Ill. 354.) All liability for injuries sustained is based upon the theory that the party liable has committed a wrong or neglected some duty; that direct or consequential injury has resulted from the employment of immediate force or the negligent performance of some legal duty or in the negligent use of persons or property, whereby an injury has resulted to another. (*Scammon* v. *City of Chicago,* 25 Ill. 361.) The contract between Fannie L. Rutledge, the owner of the premises, and the Illinois State Trust Company, is not shown by the evidence. It was incumbent upon Smith to prove not only that the trust company was the agent of Mrs. Rutledge to rent and manage the property for her and receive the rent therefrom as her agent, but it was also necessary to prove that the trust company had the entire possession, management and control of the premises and of the heating plant therein, and that it was guilty of such negligence as would create a liability against it if the relation of principal and agent did not exist.

Great stress is placed by counsel for Smith upon the statement of the secretary of the Illinois State Trust Company that he did not know whether it had a contract with Mrs. Rutledge or not; that he was not sure; that there may be one. This statement neither proves nor tends to prove that the trust company had the entire possession, control and management of the premises and the heating plant therein. The evidence introduced by Smith was, that while the trust company was the agent of Mrs. Rutledge to rent the premises and collect the rent for the purpose of applying the rent upon a mortgage held by it against her, William A. Rutledge, her husband, attended to the repairs and the maintenance of the flats; that in the latter part of October, 1926, Rutledge ordered a new automatic oil burner and the same was installed; that it never worked properly and that some oil accumulated on the floor adjacent to it; that Rutledge was there every day for several hours from

that time until the time of the fire, superintending repairs that were made upon the oil burner and trying to fix it so that it would operate properly, and that neither the trust company nor its agents had anything to do with the burner. The operation of the oil burner was in charge of a janitor, who was employed by Rutledge and paid by the trust company out of money belonging to the owner. This janitor was not in the service of the trust company but was in the service of its principal, Mrs. Rutledge. An agent is not, in general, liable to third persons for the misfeasance or malfeasance of sub-agents employed by him in the service of his principal unless he is guilty of fraud or gross negligence in the appointment of such sub-agents or improperly co-operates in the latter's acts or omissions. (2 Corpus Juris, p. 829.) Neither is he liable for the negligence of other agents of his principal with which he had nothing to do.

There is no dispute as to the facts in this case. There is evidence showing negligence on the part of agents of Fannie L. Rutledge other than the Illinois State Trust Company which resulted in injury to Smith, but there is no competent evidence in the record showing or tending to show that the trust company had the entire control, possession and management of the premises in question and the oil burner therein or that it violated any duty which it owed to Smith. When the evidence is viewed in its aspect most favorable to Smith, it entirely fails to show any liability on the part of the trust company to Smith, and the city court of East St. Louis should have sustained the motion to instruct the jury to find the issues for the defendant.

The judgment is therefore reversed and the cause remanded to the city court of East St. Louis.

*Reversed and remanded.*