304

## KNOX et al. v. REDWINE.
### No. 5486.

Court of Appeals of the District of Columbia.
Argued April 12, 1932.

Decided May 9, 1932.
Rehearing Denied May 17, 1932.

Alfred D. Smith, of Washington, D. C., for plaintiffs in error.

Harry T. Whelan and William B. O'Connell, both of Washington, D. C., for defendant in error.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

This was an action instituted by Wallace L. Redwine, husband of Isa May Redwine, to recover for the loss of services of his wife. The action was begun against Clarence E. Knox, Lewis Stanley Wetmore, and the Independent Taxi Owners' Association. At the close of the case, the action was dismissed as against the taxi association, and a verdict rendered against the two other defendants on which judgment was entered.

The action grew out of a collision between an automobile, in which plaintiff's wife was a passenger, and an automobile belonging to Knox and driven by Wetmore. The appeal is based upon the theory that master and servant may not be sued jointly in an action of tort founded on the negligence of the servant where the master's responsibility results solely from the doctrine of respondeat superior and without his personal participation in his servant's tort. The evidence showed that Knox employed Wetmore as his servant in the operation of the cab, and that the latter's negligence caused the injuries complained of. At the close of the case, a motion was made by the defendants Knox and Wetmore for a directed verdict on the ground of misjoinder, it being admitted that the testimony showed they were not joint tort-feasors but that the relation of master and servant existed, and the tort, if any, was committed by Wetmore in the course of his employment.

We think the case is controlled by Lisner v. Hughes, 49 App. D. C., 40, 258 F. 512. In that case we called attention to the fact that common-law forms of action have not been abolished in the District of Columbia, and that, while there may be a recovery of damages from the master for an assault by his servant done in the performance of the master's business and within the general scope of the authority conferred, as well as for similar acts done by his express direction, the remedies applicable are entirely different, and so we pointed out that, where the liability of the master is dependent on the tortious act of the servant done in the performance of the master's business, the latter is liable only in an action on the case, whereas in cases in which the tortious acts of the servant are done by the express direction of the master, the latter is liable in an action of trespass, but that in such a case the liability does not rest upon the relation of master and servant, but upon the fact that the act complained of was done at the master's command, and so in law becomes his own act though done through the instrumentality of another.

This is also the law in Maryland and in many other states, and we do not feel at liberty to change the rule. From this it results that the action below must be and is reversed, and the cause remanded for a new trial not inconsistent with this opinion.

Reversed and remanded.