**BAILEY v. ZLOTNICK et al.**

No. 8026.

United States Court of Appeals for the
District of Columbia.

Decided Dec. 21, 1942.

Mr. Joseph C. Waddy, of Washington,
D. C., with whom Mr. Charles H. Houston,
of Washington, D. C., was on the brief,
for appellant.

Mr. Cornelius H. Doherty, of Washington, D. C., for appellee Zlotnick.

Mr. Stanley H. Kamerow, of Washington, D. C., for appellee Beloff.

No appearance was entered or brief filed
for appellee Hamburger.

Before GRONER, Chief Justice, and
EDGERTON and RUTLEDGE, Associate
Justices.

RUTLEDGE, Associate Justice.

The appeal is from a Municipal Court
judgment dismissing plaintiff's suit for
personal injuries allegedly resulting from
defendants' negligence. The injuries were

caused by plaster falling from the ceiling of the kitchen in a dwelling she rented from defendant Zlotnick. She joined also as defendants Beloff, who was Zlotnick's agent in charge of renting the property, and Hamburger, who completed installing a new hot water heating system in the building and turned water into the system the day before the plaster fell.

At the close of plaintiff's evidence the court granted motions of all the defendants for a finding in their favor, and dismissed the suit. The record states the court so acted "on the sole ground, as stated by him [the court], that plaintiff's evidence showed she was using the house other than [as] a dwelling in violation of her lease, and that such violation forfeited and destroyed her rights as against all defendants; that the Court felt that defendant Hamburger was an independent contractor and that further the plaintiff had failed to prove any negligence against any of the defendants, but that the Court would base his finding alone upon the ground that plaintiff had violated the terms of her lease."

■ The bill of exceptions contains a statement which, it is not disputed, sets forth "the substance of all the testimony in the case." From this it appears that the owner, through his agent Beloff, accepted rent from appellant on several occasions after he knew she was renting rooms in the premises to others. It is not clear that renting the rooms violated the terms of the lease. But if it did the acceptance of the rent was, in the circumstances, a waiver of the violation. Cf. Merritt v. Kay, 1924, 54 App.D.C. 152, 155, 295 F. 973. Plaintiff was tenant in possession of the premises and rightfully so when the injuries occurred. Consequently the alleged violation was in no way material to her right, if any, to recover, and the alleged "sole ground" for the dismissal was erroneous. This is sufficient to require reversal of the judgment, unless we can say as a matter of law that the judgment was right on other grounds; but some further discussion of the issues is required, in view of the necessity of further proceedings in the trial court.

■ There was evidence from which it could have been found that Hamburger negligently installed the heating system or ran the water into it, and that the falling of the plaster was caused by water escaping from the pipes and radiators because of the defective construction or careless turning on of the water. Whether he was the agent of the owner or an independent contractor, he was liable to the plaintiff for injuries caused by this negligence, if in fact it took place. If the evidence as given in the plaintiff's behalf was true, it created a prima facie case in her favor. It was sufficient, if believed, to require a judgment in her behalf, unless contradicted by the weight of credible evidence offered by the defendant. The dismissal, as to Hamburger, therefore was erroneous and the judgment must be reversed as to him.

■ There is no evidence that Zlotnick was negligent, unless the negligence of Hamburger, if any, is properly attributable to him. Whether this should be done depends, first, upon whether Hamburger was his agent or an independent contractor; second, if he was an independent contractor, whether Hamburger negligently discharged a nondelegable duty of Zlotnick as the owner to the plaintiff as tenant. The court "felt" that Hamburger was an independent contractor, hence that Zlotnick was not responsible to the plaintiff for his negligence in making the installation or turning on the water. If there was evidence to support this, it does not appear in the record. On the other hand, there is an equally entire absence of evidence before us to show that Hamburger was Zlotnick's agent. In this situation ordinarily the order of dismissal would stand. However, since the court did not base it on this ground, but assigned specifically another which is invalid, and the evidence shows that "Beloff brought defendant Hamburger on the premises to install a hot-water heating plant," as Zlotnick had agreed to do, the matter should not be determined finally upon this appeal. Clearly Zlotnick would be liable if Hamburger was his agent and was negligent.

Possibly also he would be liable even though Hamburger was an independent contractor. There are authorities which hold that a landlord has a nondelegable duty to the tenant, in making repairs or new construction, to make them or see that they are made in such a manner as not to cause injury to the tenant.[1] The risk, in

---

[1] Medley v. Trenton Investment Co., 1931, 205 Wis. 30, 236 N.W. 713, 76 A. L.R. 1250; Bloecher v. Duerbeck, 1933, 333 Mo. 359, 62 S.W.2d 553, 90 A.L.R.

this view, is on the owner rather than the tenant, whether the work is done by one technically his agent or an independent contractor. But, since it has not been determined upon sufficient evidence which is before us that Hamburger was not Zlotnick's agent, we prefer, in the absence of specific controlling authority in this jurisdiction, not to determine the latter's liability for the former's acts as independent contractor until the issue is presented squarely to us.

The dismissal as to Zlotnick therefore should be reversed, and the cause remanded, as to him, for further proceedings not inconsistent with these views.

■ It is also urged that Knox v. Redwine, 1932, 61 App.D.C. 179, 59 F.2d 304, prohibits the joining of principal and agent for the same cause of action, where the former's liability is predicated solely upon the agency. This was the rule formerly prevailing in this jurisdiction. It has been changed as to the District Court by the Federal Rules of Civil Procedure. Rule 20(a).[2] They have not of their own force changed the former rule of joinder for the Municipal Court. But it would be unfortunate to continue for that court of limited jurisdiction and generally informal procedure a technical rule of joinder now abolished for the District Court. The basis for the rule of Knox v. Redwine was that the action against the agent sounded in trespass, while that against the principal did so in trespass on the case. The rule was adopted when the forms of action under the common law had not been abolished. They have now disappeared for the District Court, and we do not understand that they have ever prevailed in the Municipal Court. If therefore Knox v. Redwine ever was properly applicable to its procedure, it should be so no longer. The joinder was not improper.

It remains to consider the order as it affected Beloff. He was admittedly Zlotnick's agent for renting the property and, to some extent, for managing it in other respects. There is authority that a real estate agent, placed by the landlord in general charge and control of property, may be liable to the tenant for his own negligence, including negligent omissions, in managing it to the latter's injury.[3] Thus, in this case, if it had been shown that Beloff, after receiving notice of the dangerous condition of the premises, had neglected unreasonably to remedy it or take proper steps to have this done, the question would be presented whether these authorities should be followed in this jurisdiction.

■ But there was no evidence upon which such a finding could be made in this case. It was on Friday afternoon, October 25, the water was first turned into the system and ran over the floors of the kitchen and the room above it. The plaintiff was out at the time, and when she returned the water in both places either had been or was being mopped up, and a friend tightened the valve and stopped the leak in the kitchen radiator. Apparently nothing more was done in the room above them than to mop up the floor. Some time the next morning Beloff visited the premises and inspect-

40; Van Dam v. Doty-Salisbury Co., 1922, 218 Mich. 32, 187 N.W. 285, 29 A.L.R. 729; Blickley v. Luce's Estate, 1907, 148 Mich. 233, 111 N.W. 752; Peerless Mfg. Co. v. Bagley, 1901, 126 Mich. 225, 85 N.W. 568, 53 L.R.A. 285, 86 Am.St.Rep. 537; Alexis v. Pittinger, 1922, 119 Wash. 626, 206 P. 370, 29 A.L.R. 733; 32 Am.Jur., Landlord and Tenant, §§ 740, 741.

2 28 U.S.C.A. following section 723c.

3 Cf., e. g., Smith v. Rutledge, 1928, 332 Ill. 150, 163 N.E. 544, 61 A.L.R. 273; Bell v. Josselyn, 1855, 3 Gray, Mass., 309, 63 Am.Dec. 741; Mayer v. Thompson-Hutchison Bldg. Co., 1894, 104 Ala. 611, 16 So. 620, 28 L.R.A. 433, 53 Am.St.Rep. 88; Lough v. John Davis & Co., 1902, 30 Wash. 204, 70 P. 491, 59 L.R.A. 802, 94 Am.St.Rep. 848; Baird v. Shipman, 1890, 132 Ill. 16, 23 N.E. 384, 7 L.R.A. 128, 22 Am.St.Rep. 504; Tippecanoe Loan & T. Co. v. Jester, 1913, 180 Ind. 357, 101 N.E. 915, L.R.A.1915E, 721; Campbell v. Portland Sugar Co., 1873, 62 Me. 552, 16 Am.Rep. 503; Ellis v. McNaughton, 1889, 76 Mich. 237, 42 N.W. 1113, 15 Am.St.Rep. 308; Orcutt v. Century Bldg. Co., 1907, 201 Mo. 424, 99 S.W. 1062, 8 L.R.A.,N.S., 929; Carson v. Quinn, 1907, 127 Mo.App. 525, 105 S.W. 1088; Wells v. Hansen, 1916, 97 Kan. 305, 154 P. 1033, L.R.A.1916F, 566, Ann. Cas.1918D, 230; Murray v. Cowherd, 1912, 148 Ky. 591, 147 S.W. 6, 40 L.R. A.,N.S., 617. Contra: Wendland v. Berg, 1919, 188 Iowa 202, 174 N.W. 410; Drake v. Hagan, 1902, 108 Tenn. 265, 67 S.W. 470.

For an excellent note see, 1922, 20 A. L.R. 97, and for other notes on the same problem see 1942, 138 A.L.R. 1078, 1092; 1935, 99 A.L.R. 408; 1929, 61 A.L.R. 273, 277; 1923, 26 A.L.R. 23.

ed the work of Hamburger's men, one of whom was then painting the radiators. There is no evidence that water was then leaking or standing on any of the floors or that there was any visible condition of danger. Nor is there any that Beloff then was informed by plaintiff or anyone else of the preceding evening's occurrences. In other words, there is no evidence whatever that Beloff had notice or knowledge of the dangerous condition of the ceiling prior to the time it fell. This was at some time later the same day, at exactly what hour does not appear. There is no basis in the evidence therefore for holding Beloff liable on account of his own negligence. He is clearly not liable for any negligence of Hamburger, whether the latter was an independent contractor or an agent of Zlotnick, since there is no evidence that Beloff was negligent in selecting Hamburger to do the work. The dismissal as to Beloff therefore was right, though based on erroneous grounds, and should stand.

The judgment as to Beloff is affirmed; as to Hamburger and Zlotnick it is reversed; and the cause is remanded to the Municipal Court for further proceedings not inconsistent with this opinion.

So ordered.