EASTERN FIREPROOFING CO., Inc.

v.

UNITED STATES GYPSUM COMPANY,
National Gypsum Company.

Civ. A. No. 57–938.

United States District Court
D. Massachusetts.
March 14, 1958.

See also, 21 F.R.D. 292.

Endicott Peabody, Joseph M. Koufman, Boston, Mass., for plaintiff.

G. D'Andelot Belin, Conrad W. Oberdorfer, Robert Proctor, Maurice H. Richardson, Choate, Hall & Stewart, Boston, Mass., for U. S. Gypsum Co.

Leonard Wheeler, Frank B. Wallis, Walker B. Comegys, Jr., Goodwin, Proctor & Hoar, Boston, Mass., for Nat. Gypsum Co.

ALDRICH, District Judge.

■ This is a treble damage action under the Sherman Act, 15 U.S.C.A. § 1 et seq., brought by a roofing contractor

against two manufacturers, hereinafter termed United and National, of a roofing material essential to its business, asserting the defendants improperly cut off its supply. Most of the complaint is comprised of allegations of conspiracy under § 1 of the Act. The defendants move to strike two paragraphs, on the grounds, alternatively, that they make merely irrelevant and possibly prejudicial additions to the general conspiracy allegations, or, that they set forth additional causes of action which are not properly joinable. In its argument opposing the motion plaintiff asserts that these paragraphs are intended to set forth additional causes of action, and I shall so find, without pausing to consider whether in this respect they are somewhat cryptic. The question, accordingly, is this. Can the plaintiff, in one complaint against United and National, assert a joint conspiracy under § 1 by both defendants, and independent attempts to monopolize under § 2 by each defendant alone, where the claim as to the latter includes an allegation that each defendant relied and depended, in part, upon knowledge of what the other defendant would do?

■ I agree with plaintiff—a matter not seriously disputed by the defendants—that joinder under Rules 18 and 20, Fed.Rules Civ.Proc. 28 U.S.C.A. does not require that each claim be against all of the defendants. The serious question is whether the requirement of Rule 20 that all of the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" is here met.

■ There are singularly few cases discussing what constitutes an identity of transactions or occurrences. Obviously some additional elements or matters may be included, or it would not be possible to join even actions against an agent and a principal, see, e. g., Bailey v. Zlotnick, 77 U.S.App.D.C. 84, 133 F.2d 35, 37, since more evidence is needed to establish liability against the latter than the former. I believe there can be no hard and fast rule, and that the approach must be the general one of whether there are enough ultimate factual concurrences that it would be fair to the parties to require them to defend jointly against them—at least to some extent. (I am not deciding at this time that some matters may not be later separated for trial.) There is also to be borne in mind the convenience of the court. See discussion by Clark, C. J., in Nagler v. Admiral Corp., 2 Cir., 248 F.2d 319, 327.

The ultimate impact on the plaintiff was the refusal of the individual defendants to sell. Whether this was joint or several, particularly having in mind that even as to the claims of individual attempts to monopolize concomitant, if not cooperative, conduct of the other defendant is involved, it seems to me clear that the motions to dismiss should be denied.