**Harry J. SYPHERD, Adm'r. of the Estate of Dale L. Sypherd Deceased, Plaintiff,**

**v.**

**HAECKL'S EXPRESS, INC., Raymond C. Abbott, Leland Hodges, Defendants.**

**Civ. A. No. 2757.**

United States District Court
S. D. Ohio, W. D.
Sept. 13, 1962.

Samuel A. McCray, of Smith & Schnacke, Dayton, Ohio, for plaintiff.

Clifford R. Curtner, of Curtner, Brenton & Selva, Dayton, Ohio, for defendants Haeckls Express, Inc., and Leland Hodges.

H. Thomas Haacke, Jr., of Pickrel, Schaeffer & Ebeling, Dayton, Ohio, for defendant Raymond C. Abbott.

WEINMAN, Chief Judge.

This matter is before the Court upon the motion of defendants Haeckl's Express, Inc. and Leland Hodges to require plaintiff to elect between these defendants, as to whom he intends to proceed against.

This Court previously considered the question of whether master and servant may be joined in federal court even though the master's liability is based solely on the doctrine of respondeat superior. The Court, in Lehmer v. United Fireworks Manufacturing Company, a corporation, Case No. 2504, United States District Court for the Southern District of Ohio, Western Division, at Dayton (April 7, 1961), stated:

"If this were an Ohio State Court, the defendant's motion would be well taken. The procedural law of Ohio on this point was succinctly stated by The Supreme Court of Ohio in Meyer v. Cincinnati Street Ry. Co.,

157 Ohio St. 38, 42, 104 N.E.2d 173 (1952), wherein the Court stated:

"'* * * It has been quite definitely established that joinder is not permitted where one of the defendants would be primarily liable and the other secondarily liable and this prohibition extends to those to whom the rule of *respondeat superior* applies and where the liability of one of the defendants would arise exclusively from the application of that rule.'

"However, since this is a federal district court the procedural laws of Ohio are not controlling. A careful reading of Rule 20 of the Federal Rules of Civil Procedure is dispositive of this motion.

"Rule 20(a) provides in part:

"'(a) Permissive Joinder * * *. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.'

"See also Bailey v. Zlotnick, 77 U.S.App.D.C. 84, 133 F.2d 35, 37 (C.C.A.D.C.1942).

"In accordance with the foregoing, it is therefore ORDERED that defendant's motion should be and it hereby is DENIED."

In a recent article, Joinder of Master and Servant, 23 Ohio State Law Journal, 488, 497, Robert L. Wills, Professor of Law, The Ohio State University, cites the case of Bailey v. Zlotnick, supra, and the Lehmer case and states:

"It is submitted that the two federal court decisions are correct. The question of joinder of master and servant is a purely procedural question, and therefore should be governed by the Federal Rules. Erie Railroad Co. v. Tompkins [304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188], even as extended by the 'outcome-determinative' test surely does not require a federal court sitting in Ohio to apply the Ohio rule forbidding joinder of master and servant. * * *"

Accordingly, defendants' motion to require plaintiff to elect should be and it hereby is DENIED.