## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### NAPIER V. PRISON ASSOCIATION OF VIRGINIA.

DECEMBER 9, 1897.

Absent, Cardwell, J.

1. PRISON ASSOCIATION—*Commitment Before Conviction.*—Under the provisions of the statute (Acts 1895-6, p. 658), a Hustings Court may commit to the Prison Association of Virginia, before conviction, an infant who has neither parent nor legal guardian to consent to such commitment, although the infant does not consent thereto.

Error to a judgment of the Circuit Court of the city of Richmond rendered July 10, 1897, on a writ of *habeas corpus* sued out by plaintiff in error against the defendant in error.

*Affirmed.*

The opinion states the case.

*H. M. Smith,* for the plaintiff in error.

*S. L. Kelley* and *Rutherford & Page,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This writ of error is to a judgment of the Circuit Court of the city of Richmond in a *habeas corpus* proceeding, holding that Thomas M. Napier was legally detained by the Prison Association of Virginia, and remanding him to the custody of that institution.

That record shows that the plaintiff in error, an infant twelve years of age, whose father and mother were dead, and who had no legal guardian, was convicted in the Mayor's Court of the city of Manchester of unlawfully and cruelly torturing his horse, and was ordered to be placed in charge of the Prison Association of Virginia, from which judgment an appeal was granted to the Hustings Court of Manchester, where the following order was entered on the 21st day of September, 1896:

"Upon an appeal from the Mayor of this city, whereby said Thomas Napier was adjudged guilty of misdemeanor and ordered to be placed in the Prison Association of Virginia. This day came as well the said Thomas Napier as the attorney for the Commonwealth, and thereupon, on motion of said Napier, by counsel, and by consent of his aunt, Mrs. Martha Lamb, the court being of opinion that in consequence of the youth of said accused, and other circumstances of this case, he is a proper person to be committed to the control and custody of the Prison Association of Virginia, it is therefore ordered that the said Thomas Napier be committed to the custody of the said Prison Association of Virginia. And it is therefore ordered that the clerk of this court forthwith notify said Prison Association of Virginia that Thomas Napier has been so committed with the assent of the said Association."

The defendant in error vouches and relies upon this record as its authority for detaining the plaintiff in error.

The plaintiff in error contends that he stood before the Hustings Court entitled to a trial there in the same manner as if he had been indicted for the offence charged in that court; that he has never been legally convicted of any crime by said court; and that, being without parent or legal guardian to consent to his commitment before conviction, he cannot be lawfully committed until after conviction.

The court is of opinion that under the general provision of the statute (Acts 1895-6, p. 658), the Hustings Court had power in its discretion, to commit the accused to the Prison Association

before conviction, and that the proviso only limits that power in the case of those minors who have a parent or legal guardian to consent.    In such cases, that consent must be obtained in order to commit before conviction.    Where it appears, however, as in the case at bar, that there is neither parent nor legal guardian to consent, the general provision of the act prevails, and the court has authority, in its discretion, to commit before conviction.

It follows from this construction of the statute that the plaintiff in error is lawfully in the custody and control of the defendant in error, and the judgment of the Circuit Court must therefore be affirmed.

*Affirmed.*