(42 App. Div. 136.)

## O'ROURKE v. FEIST.

(Supreme Court, Appellate Division, First Department. June 30, 1899.)

1. APPEAL—REVIEW—SCOPE OF INQUIRY.

Under Code Civ. Proc. § 1344, as amended by Laws 1895, c. 946, relating to appeals from district courts and the city court in the city of New York, providing that, in case an appeal is heard by a justice or justices of the supreme court, the justice or justices by whom such appeal is determined may allow an appeal to be taken to the appellate division, where an appeal is allowed, the whole record comes before the appellate division; and the appellate term has no authority to certify any question to the appellate division, or to limit its powers, when an appeal is allowed.

2. LANDLORD AND TENANT—REPAIRS—INJURY TO TENANT'S GOODS.

Where the owner of an apartment house assumes to put a new roof on the building while the same is occupied by tenants, and by reason of negligence in the prosecution of the work a tenant's property is injured by rain, the owner is liable for damages, notwithstanding that he made an independent contract with another to do the work.

Appeal from appellate term.

Action by Minnie O'Rourke against Simon Feist to recover damages. From a judgment of the appellate term affirming a judgment of the municipal court of the city of New York for plaintiff (53 N. Y. Supp. 1110), defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

N. Cohen, for appellant.

J. M. Lathrop, for respondent.

VAN BRUNT, P. J. This action was brought in the municipal court of the city of New York to recover damages alleged to have been sustained by the plaintiff in consequence of the defendant failing to properly maintain the roof over an apartment house situated at No. 687 Amsterdam avenue, a portion of which was being occupied by the plaintiff and her family. The plaintiff having recovered judgment, an appeal was taken therefrom to the appellate term, which court, having affirmed the judgment, allowed an appeal to this court, upon condition that no question be argued except the following: "Was the defendant liable for the acts complained of, notwithstanding he had made a contract for the performance of the work?" We are not aware of any authority conferred upon the appellate term to certify any question to the appellate division upon the allowance of an appeal. That part of section 1344 of the Code of Civil Procedure [as amended by Laws 1895, c. 946] which is applicable to such appeals provides that, in case an appeal is heard by a justice or justices of the supreme court, the justice or justices by whom such appeal was determined may allow an appeal to be taken to the appellate division from such determination. Where an appeal is allowed, the whole record necessarily comes before the appellate division; and the duty devolves upon that court, upon an examination of such record, to decide as to whether the determination of the appellate term is correct or not. There is no power given to the justice or justices of the

supreme court who heard the original appeal to limit the powers of the appellate division when an appeal to that court is allowed.

It appeared before the trial court in the case at bar that the defendant, who was the owner of an apartment house situated at No. 687 Amsterdam avenue, assumed to put a new roof on the building while the same was occupied by the various tenants. The original roof was constructed of tar and felt, and the new one was to be of tin. The defendant made a contract with a person to do the work, and while the same was in progress a rainstorm came on, and portions of the building were deluged with water, and the property of the plaintiff was injured. It is claimed upon the part of the defendant that, because he made an independent contract with a third person to do the work, therefore he was not liable for the injuries which had been sustained; and reliance is placed upon the case of Berg v. Parsons, 156 N. Y. 109, 50 N. E. 957, to sustain this position. An examination of that case, however, shows that it has no bearing whatever on the case at bar. There the question was whether the defendant was liable for acts committed upon his own property which resulted in injury to adjoining property, and it was held that, he having made an independent contract with a contractor over whom he had no control, he was not liable for injuries resulting from negligence in the performance of the work by the contractor. In the case at bar however, the defendant was the landlord of these premises, and was bound to keep the roof over the tenants to whom he had let the apartments in the house, and the persons occupying under them, and he was bound to keep the hallways in order, as has been frequently held; and this duty he could not devolve upon any other person. It was one of the implied duties arising from his contract of letting, and, if he failed to perform it, he was responsible for the damages which resulted from such failure. Under these circumstances, we are of opinion that the plaintiff was entitled to recover from the defendant the damages which she sustained in consequence of the manner in which the work in question was done, notwithstanding that the owner had made an independent contract with somebody to do the same.

The judgment should be affirmed, with costs. All concur.