ADOLPH PALTEY et al., Appellants, *v.* PATRICK B. EGAN, Respondent, Impleaded with Others.

Trial — effect of ruling denying motion for new trial, after rendition of verdict, and granting reserved motion for nonsuit — landlord and tenant — duty of landlord to protect tenant from dangers arising from building operations conducted by him — such duty cannot be delegated to a contractor.

Decision on motion for nonsuit was reserved and the jury rendered a general verdict for plaintiff; a motion was made by defendant for a new trial under section 999 of the Code of Civil Procedure, which motion was disregarded and the nonsuit on the reserved motion granted. *Held,* that in case the nonsuit should be deemed to have been improperly granted the verdict could not be reinstated and judgment ordered in this court thereon, since this would deprive the party in whose favor the nonsuit was granted of his rights on the motion for a new trial.

In this case the verdict having been eliminated and judgment entered on the direction for a nonsuit, the ordinary question is presented which arises on any nonsuit, whether there was any view of the case on which the appellants should have been allowed to go to the jury.

The duty of a landlord to protect his tenants from disturbance in the course of his building operations is of a personal character and he cannot discharge it by delegating those operations even to a competent independent contractor. Further, where the work itself in the course of which damages are caused creates the danger or injury, the ultimate superior or proprietor is liable to persons injured by a failure to properly guard or protect the work even though the work is intrusted to an independent contractor.

Plaintiff rented a floor in one of two adjoining buildings owned by defendant, who removed the building adjoining that occupied by plaintiff and made an excavation for the erection of a new building. As the result of a failure to properly support the walls of the building occupied by plaintiff the walls and a portion of the building collapsed, injuring plaintiff's goods. *Held*, that defendant was under the obligation to protect his tenants from any unnecessary disturbance and eviction, and for that purpose to see to it that the operations on the adjacent lot were conducted with all reasonable care and prudence.

*Paltey* v. *Egan*, 132 App. Div. 254, reversed.

(Argued October 6, 1910; decided November 22, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 28, 1909, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The action was brought to recover damages occasioned by the collapse of a building owned by the defendant and part of which had been leased to plaintiffs.

The defendant was the owner of two buildings, known respectively as No. 65 and No. 67 East Eighth street in the city of New York, and which on their adjacent sides were supported by a common wall. The plaintiffs rented all or part of the third floor of the former building. Thereafter and while the lease was in force the defendant undertook to remove the building No. 67 and erect a new one in the place thereof, making a contract with one of the other defendants for so doing, and an excavation estimated at from eight to fifteen feet deep and of considerable length was made next to the wall of No. 65. At first this latter wall was shored up by three beams running from it across the lot of No. 67 to the

wall of No. 69, but two or three days before the occurrences complained of, two of these supports were taken down and on the morning in question the remaining one. The building No. 65 was four stories high and upwards of ninety feet in length. Apparently as the result of these various acts the wall of the building and a large portion of the building collapsed and the appellants' goods were injured.

The case has been tried twice. On the first trial it was submitted to the jury solely on the theory that the defendant in violation of the provisions of the Building Code of the city of New York had failed to properly shore up the wall of the building which was left standing and the judgment in plaintiffs' favor was reversed on the ground that those provisions did not apply to a case where the same person owned the adjoining lots as in this case. On the second trial, the case was submitted by the court to the jury on the theory of negligence in making the excavation independent of said Code provisions, but the submission was limited by holding that defendant having made a contract to do the work which resulted in the accident thereby avoided responsibility for anything which was done within the limits of the contract and only became liable for personal negligence outside thereof. At the close of the evidence the trial judge reserved his decision on the defendant's motion to dismiss the plaintiffs' complaint pending the verdict by the jury. While the submission to the jury, which was doubtless intended to be in accordance with section 1187 of the Code, did not call for a special verdict, but was a general submission, both parties seem to have acquiesced in this method of procedure. When the jury rendered its verdict in favor of the plaintiffs the defendants made a motion for a new trial under section 999 of the Code, but the trial judge disregarded this and reverted back to and granted the motion for a nonsuit.

*Louis J. Vorhaus* for appellants. This appeal being from a judgment of nonsuit, the appellants are entitled to the benefit of every fact the jury could have found from the evidence

given, and to every legitimate inference in their favor warranted by the evidence. (*Rehberg* v. *Mayor, etc.,* 91 N. Y. 137; *McNally* v. *P. Ins. Co.,* 137 N. Y. 389; *Higgins* v. *Eagleton,* 155 N. Y. 466; *Koehler* v. *N. Y. Steam Co.,* 183 N. Y. 1; *Boreel* v. *Lawton,* 90 N. Y. 293; *Murphy* v. *Gedney,* 10 Hun, 151.) The plaintiffs proved a cause of action at common law, based upon the breach of duty imposed upon the defendant as their landlord. (*Snow* v. *Pulitzer,* 142 N. Y. 263; *Butler* v. *Cushing,* 46 Hun, 521; *Judd & Co.* v. *Cushing,* 50 Hun, 181; *Hine* v. *Cushing,* 53 Hun, 519.) The fact that the defendant employed a competent architect and an independent contractor does not relieve him from liability. (*Sciolaro* v. *Asch,* 198 N. Y. 77; *Sulzbacher* v. *Dickie,* 6 Daly, 469; *O'Rourke* v. *Feist,* 42 App. Div. 136; *Randolph* v. *Feist,* 23 Misc. Rep. 650; *Blumenthal* v. *Prescott,* 70 App. Div. 560.) The cause of action so proved was sufficiently pleaded. (*Levy* v. *G. M. P. Co.,* 80 App. Div. 384; Baylies' Trial Practice [2d ed.], 318; *Carroll* v. *Deimel,* 95 N. Y. 252; *Learned* v. *Tillotson,* 97 N. Y. 1; *Hackett* v. *View,* 109 App. Div. 351.) The provisions of section 22 of the Building Code inure to the benefit of a tenant as well as the owner of a building adjoining an excavation. (*Cohen* v. *Simmons,* 21 N. Y. Supp. 385; 142 N. Y. 671; *Blanchard* v. *Savarese,* 97 App. Div. 58; 184 N. Y. 537; *Paltey* v. *Egan,* 122 App. Div. 512.) For a violation of the duty enjoined by that section absolute and unqualified liability is imposed upon the defendant. (*Dorrity* v. *Rapp,* 72 N. Y. 307; *Post* v. *Kirwin,* 133 App. Div. 404; *Willey* v. *Mulledy,* 78 N. Y. 310; *Pauley* v. *S. G. & L. Co.,* 131 N. Y. 90; *Knisley* v. *Pratt,* 148 N. Y. 372; *Huda* v. *A. G. Co.,* 154 N. Y. 474; *Jetter* v. *N. Y. & N. H. R. R. Co.,* 2 Abb. Ct. App. Dec. 458; *Pitcher* v. *Lennon,* 12 App. Div. 356; *Rooney* v. *B. C. Co.,* 107 App. Div. 258.) The duty enjoined by the Building Code being absolute, the defendant is not relieved from liability by showing that he employed a competent architect and committed the work to an independent contractor. (*Dorrity* v. *Rapp,* 72 N. Y. 307; *Stewart* v. *Ferguson,* 164 N. Y.

553; *McLaughlin* v. *Eidlitz*, 50 App. Div. 518; *Siversen* v. *Jenks*, 102 App. Div. 313; *Pitcher* v. *Lennon*, 12 App. Div. 356; *Ring* v. *City of Cohoes*, 77 N. Y. 83.) The evidence is sufficient to support a recovery on the ground of negligence. (*Butler* v. *Cushing*, 46 Hun, 521; *Judd & Co.* v. *Cushing*, 50 Hun, 181; *Hine* v. *Cushing*, 53 Hun, 519.)

*James Kearney* for respondent. There is no exception in the record presenting the question whether section 22 of the Building Code applies to the case at bar; in fact, it does not apply; and, if it did, there is no evidence of a violation of it by the respondent. (*Serviss* v. *McDonnell*, 107 N. Y. 260; *Wicks* v. *Thompson*, 129 N. Y. 634; *Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y. 437; *Sullivan* v. *Dunham*, 161 N. Y. 290; *Wangner* v. *Grimm*, 169 N. Y. 421; *Atlantic Dock Co.* v. *City of Brooklyn*, 3 Keyes, 444; *Harris* v. *N. I. R. R. Co.*, 20 N. Y. 232; *People* v. *Brooks*, 131 N. Y. 321; *Parsons* v. *Brown*, 15 Barb. 590; *Govers* v. *Hofstatter*, 41 App. Div. 384; *Gray* v. *Shepard*, 79 Hun, 467; *Duryea* v. *Lester*, 11 J. & S. 564.) The Building Code has no application to this case. (L. 1882, ch. 410, § 474.) The case was neither pleaded nor tried upon the theory that the respondent was liable merely by reason of his status as the plaintiffs' landlord, and no such point is before this court. (*Sullivan* v. *Dunham*, 161 N. Y. 290; *Salisbury* v. *Howe*, 87 N. Y. 128; *O'Neill* v. *N. Y., O. & W. Ry. Co.*, 115 N. Y. 579; *Greene* v. *Smith*, 160 N. Y. 533; *MacArdell* v. *Olcott*, 189 N. Y. 368; *Stenton* v. *Jerome*, 54 N. Y. 480; *Serviss* v. *McDonnell*, 107 N. Y. 260; *Weichsel* v. *Spear*, 15 J. & S. 223; *Driscoll* v. *Downer*, 55 Hun, 531; *Wangler* v. *Swift*, 90 N. Y. 38; *Marks* v. *R. Ry. Co.*, 146 N. Y. 181.) Upon the only ground of liability which is before this court, the trial judge correctly held that there was no evidence to support a verdict. (*Coon* v. *S. & U. R. R. Co.*, 5 N. Y. 492; *N. Y. C. & H. R. R. R. Co.* v. *City of Rochester*, 127 N. Y. 591; *Pollen* v. *Le Roy*, 10 Bosw. 38; 30 N. Y. 549; *Mount* v.

*B. U. G. Co.*, 72 App. Div. 440; *Glennon* v. *E. R. R. Co.*, 86 App. Div. 397.)

HISCOCK, J. As appears by the foregoing statement of facts, the appellants are seeking to recover damages, because while they were the tenants in a building owned by the respondent, the latter caused the adjoining one also owned by him to be removed and an excavation to be made in such a manner that the former building collapsed and the tenants' property was injured.

They were nonsuited, and it seems desirable in the first instance to correct various erroneous ideas which have accumulated in the minds of counsel on both sides as the result of the practice which was followed by the trial court in reserving its decision on a motion for a nonsuit pending a general verdict and then disregarding the motion for a new trial and granting the nonsuit. The counsel for the appellants insists that the reserved motion for a nonsuit having been granted after the jury had rendered a verdict in favor of his clients, we should reinstate the verdict and order judgment thereon if we should think that the motion for a nonsuit ought not to have been granted. Of course this would not be permissible even if justified by the evidence under the court's charge. Counsel for respondent having made a motion for a new trial under section 999 of the Code after the verdict was rendered and this motion having been disregarded, and, instead, the original motion for a nonsuit having been granted, the respondent would be deprived of his rights under the motion for a new trial if we should now reverse the nonsuit and direct judgment on the verdict. (*True* v. *Lehigh V. R. R. Co.*, 22 App. Div. 588.)

On the other side, the respondent contends that because the appellants took no exceptions to the theory on which the trial judge did tentatively submit the case to the jury they are bound on this appeal by that theory with all of its restrictions and cannot urge any other one upon which they should have been allowed to go to the jury. This view also is manifestly

incorrect. If the judgment appealed from were entered on the verdict the respondent's argument would be well founded, but it is not. The verdict has been eliminated and the judgment entered on the direction for a nonsuit, and the ordinary question is presented to us which arises on any nonsuit whether there was any view of the case on which the appellants should have been allowed to go to the jury, and this brings us to the merits of the appeal. The appellants were not required to make specific requests to go to the jury. (*Rochester & K. F. Land Co.* v. *Raymond,* 158 N. Y. 576, 584; *First Nat. Bank of Springfield* v. *Dana,* 79 N. Y. 108; *Trustees, etc., of East Hampton* v. *Kirk,* 68 N. Y. 459.)

This is an appeal resulting from a second trial. On the first trial the appellants hung their hopes of recovery on alleged violations of section 22 of the Building Code, which provides for the protection of property from the effects of adjacent excavation, primarily imposing this duty on the person making the excavation or on the one owning the adjacent property accordingly as the excavation is to be more than ten feet in depth or not, and further enacting that if the necessary license is not granted to the one making the excavation and primarily required to take protective measures to go on the adjoining premises for this purpose, then the owner of the adjoining premises refusing to grant such license shall protect the walls and buildings. The determination of the Appellate Division on the first appeal, however, dissipated these hopes of the appellants by holding that those provisions did not apply to a case like the present one where the same man owned both properties, and it seems apparent to me that for the reasons fully set forth in the opinion of Judge PATTERSON (122 App. Div. 512), and which I shall not take the space to recapitulate, those provisions are not adapted to the regulation of such a situation as arose in this case where the respondent owned both the property on which the excavation was being made and also the adjacent building in part occupied by the appellants.

Thus driven from their original position the appellants

claim to have adopted and maintained, so that the court was under obligations to submit it to the jury on the present trial, the other theory that respondent independent of the provisions of the Building Code violated the obligations which as landlord he owed to his tenants, and thereby caused them injury, and that, in my judgment, is the contention on which they must rely. The disposition of this claim involves the solution of the questions, *first*, whether there was any such violation, and, *second*, whether the appellants under their pleadings are in a position to avail themselves of it if it existed.

Unquestionably the respondent owed the duty not to disturb the appellants in their possession and enjoyment of the premises which he had leased to them by any such operations as he undertook on the adjoining lot, and for his violation of this obligation he might have been held liable independent of any negligence. (*Snow* v. *Pulitzer*, 142 N. Y. 263.)

The complaint, however, does not fairly comprehend any theory of recovery so broad as this. At most, and that question will be further considered, it sets forth a cause of action in negligence. It seems to me, however, that thereby the appellants have simply restricted and minimized the liability of respondent without destroying it and that a cause of action in negligence for the consideration of the jury was established by the evidence. Assuming as I do that the respondent under the complaint was not under obligations to so conduct his removal of the building and his excavation that practically under no circumstances the appellants should be disturbed in their occupation as tenants, he at least was under the obligation to protect his tenants from any unnecessary disturbance and eviction and for that purpose to see to it that the operations on the adjacent lot were conducted with all reasonable care and prudence. Plaintiffs' complaint, as I shall assume for the present, goes no further than to relieve him from liability in trespass for an interference which could not be foreseen and was not negligent, and charges him still with the duty to exercise care and caution to avoid accidents and dis-

turbance to his tenants. (*Judd & Co.* v. *Cushing*, 50 Hun, 181; *Butler* v. *Cushing*, 46 Hun, 521.)

Ordinarily the respondent might reply, as he does attempt to, that he discharged his obligations by securing a competent independent contractor and that thereby he has been relieved from responsibility for any negligence except of himself which is not shown to have existed. That defense, however, is not available in this case. The respondent's duty to protect his tenants from disturbance in the course of his building operations was of a personal character and he could not discharge it by delegating those operations even to a competent independent contractor. (*Blumenthal* v. *Prescott*, 70 App. Div. 560, 565; *Sciolaro* v. *Asch*, 198 N. Y. 77.)

And very likely a second exception to the general rule militates against him, and that is the one that where the work itself in the course of which damages are caused creates the danger or injury, the ultimate superior or proprietor is liable to persons injured by a failure to properly guard or protect the work even though the work is intrusted to an independent contractor. (*Downey* v. *Low*, 22 App. Div. 460.)

It is scarcely claimed and cannot be successfully maintained that there was not evidence which would have permitted a jury to say that the work which resulted in the collapse of the building wherein appellants had their loft was not negligently conducted. Amongst other things it appeared that the building which collapsed was of brick, four stories high, and nearly one hundred feet deep. The adjacent excavation was estimated to be from eight to fifteen feet deep, extending below the foundations, and at the time of the accident this wall was not shored up or supported in any manner.

The remaining question, as already stated, relates to the sufficiency of the complaint, and I think should be decided in favor of the appellants. It sets forth the relation of landlord and tenant, and then with sufficient completeness details the operations and acts which led up to the collapse of the building. While, as before stated, its allegations may have looked primarily to the provisions of the Building Code as a basis for

recovery, they are not limited to those provisions, but are broad enough to permit a recovery on the other theory discussed, and it is significant that both in the opinion of the Appellate Division on the prior appeal and on the present trial reference was made to a recovery on some such theory without any very exact definition of just how it should be presented to the jury. It seems to me, therefore, that although the appellants have shifted their ground somewhat in order to secure a more effective position than they took on the first trial, they have not stepped outside the lines of their complaint and are not subject to defeat on that ground. Neither did anything occur on the last trial which estops them from adopting their present attitude.

The fact that the appellants applied for an amendment of their complaint so as more broadly to include their present views, and then failed to accept it under the terms imposed by the court, even assuming that the facts disclosing this are before us, does not estop them from taking their present position, and the case in its controlling features is entirely unlike those of *Weichsel* v. *Spear* (15 J. & S. 223) and *Driscoll* v. *Downer* (55 Hun, 531), cited by respondent.

For all these reasons I think the judgment must be reversed and a new trial granted, costs to abide event.

VANN and WERNER, JJ., concur; CULLEN, Ch. J., WILLARD BARTLETT and CHASE, JJ., concur in result and in the opinion, except that they think that the provisions of the Building Code inure to the benefit of any one holding an estate in the premises.

.Judgment reversed, etc.