### JOHN L. ROPER LUMBER CO. v. HEWITT et al.

(Circuit Court of Appeals, Fourth Circuit. February 17, 1923.)

No. 2035.

1. **Master and servant ☞319—Employer not liable for independent contractor's negligence; work being such that, if properly done, no injurious consequences can arise.**

   Where independent contractor does work of a character which, if properly done, no injurious consequences can arise, employer is not liable for an injury resulting from contractor's negligence.

2. **Master and servant ☞319—Employer liable for independent contractor's negligence; work being such that damages are likely to arise, unless contractee takes precautionary measures.**

   Where independent contractor does work of a character from which damages are likely to arise, unless precautionary measures are adopted, contractee is liable for injurious consequences resulting from failure to take precautionary measures.

3. **Master and servant ☞319—Lumber company liable for fire resulting from débris on its tracks, though work done by independent contractor.**

   Where a lumber company furnished all the necessary equipment, including rails and locomotives, and hired an independent contractor to log its land, it was liable to an adjacent landowner for damages caused by a fire resulting from an accumulation of débris negligently allowed by contractor to remain on the track.

In Error to the District Court of the United States for the Eastern District of North Carolina, at New Bern.

Action by S. J. Hewitt and another against the John L. Roper Lumber Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Larry I. Moore, of New Bern, N. C. (Moore & Dunn, of New Bern, N. C., on the brief), for plaintiff in error.

Guion & Guion, of New Bern, N. C., for defendants in error.

Before KNAPP and WOODS, Circuit Judges, and GRONER, District Judge.

GRONER, District Judge. Defendants in error, who were plaintiffs in the court below, and who will be hereinafter spoken of as plaintiffs, owned certain timber lands in Onslow county, N. C. Plaintiff in error, who will be hereinafter spoken of as defendant, is a lumber company, and on the 30th of January, 1915, entered into a contract with one C. M. Heath to log a certain tract of land owned by it in Onslow county, and to enable him to do the work agreed to furnish all necessary equipment, including rails and locomotives. In accordance with this agreement it did furnish a right of way and equipment, and thereafter, in the execution of the contract, a fire, resulting from an accumulation of débris negligently allowed by the contractor to remain on the track and right of way, spread to the lands of the plaintiffs and caused the damage complained of.

The defense made to the action in the court below was that defendant was not liable because the execution of the work had been committed to an independent contractor, for whose negligence, if any, it was not answerable; and on the trial several issues were submitted to a jury, who answered that the fire was not caused by failure to have a properly equipped spark arrester on the engine, but was caused by the negligence of Heath in permitting the right of way of the tram road to become foul with inflammable material, and they further found that Heath, in the operation of the engine and the tram road, was an independent contractor. The jury having further found the damages sustained, judgment was entered for plaintiffs, and it is to review this action of the court that the writ of error is prosecuted to this court.

[1, 2] The rule has often been stated to be that, when a person contracts with another to do work not in itself a nuisance per se nor unlawful, or attended with danger to others, and not subject to the employer's control or direction, except as to the results to be obtained, the employer is not answerable to a third person for injuries resulting from the negligence of the contractor. On the other hand, a well-recognized exception to the rule arises in a case in which—

"when at the inception of the undertaking a man of ordinary reason should know that in the natural course of things the work would certainly or probably result in injury to another, unless some distinct and definite precautions be taken, although the details of the work be done with due care; as, for example, guarding a hole dug in the street, or protecting buildings close to blasting operations from rocks which would probably strike them, or protecting a wall when excavating by it." Foard Co. v. Maryland, 219 Fed. 833, 135 C. C. A. 497.

It is frequently a difficult task to apply the rule to the facts of a particular case, but the substantial difference between the rule and the

exception is that in the one case the work is of a character which, if properly done, no injurious consequences can arise, and in the other the work is of a character from which damages are likely to arise unless precautionary measures are adopted.

[3] A logging road such as we are here concerned with is, in many respects, wholly different from a standard railroad. It is constructed for temporary use only, and with few, if any, of those safeguards which apply to commercial railroads. There are no ditch banks separating its right of way from adjoining property, the ties on which its rails are laid are frequently unballasted, on the open ground, or in thick grass, and the character of its service and the nature of the work make it more probable than improbable that, unless care is taken, its right of way will become foul from the accumulation of bark and other débris falling from the logging cars, generally constructed in skeleton fashion, and without means of preventing this constant accumulation of inflammable material, and this well-recognized fact imposes upon the owners and operators of such a road the duty to exercise proper precaution to anticipate and prevent damage to the property of others.

"A railway company may be supplied with the best engines and the most improved apparatus for preventing the emission of sparks, it may be operated by the most skillful engineers, it may do all that skill and science can suggest in the management of its locomotives, and still it may be guilty of gross negligence in allowing the accumulation of combustible material upon its right of way, easily to be ignited by fire from its engines and thence communicated to the property of adjacent proprietors." Tutwiler v. C. & O. R. Co., 95 Va. 444, 28 S. E. 598.

In our view, the work which defendant contracted to have done was of that character commonly described as intrinsically or inherently dangerous, and, if this be true, it follows, we think, that the contractee may not, under such circumstances, let the work to others to do, and avoid liability in case it is negligently done; for where danger to the property or person of others is likely to attend the doing of the work, the liability of the contractee is not avoided by committing it to someone else to do. Under the circumstances as they here obtained, defendant owed the duty to the owners of neighboring property to see that the work was carefully performed, and that proper means were adopted by which the consequences of the negligent accumulation of combustible material on the right of way would be avoided; in other words, to see that the mischief which would likely occur did not occur by removing the danger or otherwise adopting such precautionary measures as experience has shown to be necessary under like conditions.

Admittedly defendant did nothing of the kind. Having contracted for the work, it regarded its whole duty as performed when it supplied suitable instrumentalities with which to do it. In its failure to recognize and discharge its continuing duty to avert loss to its neighbors, by anticipating and removing a danger which accompanied the work from beginning to end, it made itself liable, and the judgment of the District Court should be, and therefore is, affirmed.

KNAPP, Circuit Judge, who took part in the hearing of this case, died before the opinion was announced.