## SWIFT & CO. v. BOWLING.

(Circuit Court of Appeals, Fourth Circuit. November 6, 1923.)

No. 2111.

1. **Master and servant** ⊜⟹316(1)—**Master liable, if independent contractor acts as servant.**

Though one was independent contractor under his contract, his employer would nevertheless be liable for his negligence if, in doing the work, he did not really carry it on as an independent contractor, but as a mere employee.

2. **Master and servant** ⊜⟹319—**Fire to keep concrete from freezing not intrinsically dangerous work.**

Maintenance of fires to keep concrete work from freezing was not so intrinsically dangerous as to render employer of independent contractor

liable for fire destroying adjacent property, in the absence of evidence that artificial heat could not be safely performed by the exercise of due care.

3. **Master and servant ☞319—Employer liable for injury by intrinsically dangerous work of independent contractor.**

One employing an independent contractor is liable to third person injured, if the work was inherently dangerous, and the employer failed to take precautions necessary to guard against injury, and such failure was the proximate cause of injury.

4. **Master and servant ☞319—Instruction on liability for acts of independent contractor held erroneous.**

In an action for injuries, defended on the ground that the person who was negligent and caused the injury was an independent contractor, an instruction, "If the injury results directly in this case from the acts called for, or rendered necessary by the contract, and not from acts which were collateral to the contract, the employer is as liable as if he had himself performed such acts," was not a correct statement of the law.

5. **Trial ☞253(4)—Instruction regarding negligence of servants held erroneous, as taking issue of independent contractor from jury.**

In an action for damages occasioned by fire, where defense was that person causing injury was an independent contractor, an instruction that defendant would be liable if the fire originated and was communicated to plaintiff's property by reason of the negligence of the defendant, its agents, employees, or servants, and that the court meant to include the one claimed to be an independent contractor in "servants, agents and employees," was erroneous, as being in effect a binding instruction taking from the jury the issue as to whether the person causing the injury was an independent contractor.

6. **Receivers ☞167—Of personal estate cannot recover for destruction of building.**

A receiver of the personal property of a company could not recover damages for the destruction of a building on land.

7. **Appeal and error ☞206(2)—Putting impeaching question to wrong witness held not reversible.**

Judgment could not be reversed because of mistake in putting to the witness H., for the purpose of impeaching the witness A., a question appropriate to put to the witness L., where the mistake was not called to the attention of the trial judge.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Action by W. P. Bowling, receiver of the New River Hardware Company, against Swift & Co., a corporation. Judgment for plaintiff, and defendant brings error. Reversed.

T. S. Clark, of Charleston, W. Va. (R. C. McManus, of Chicago, Ill., and J. E. Chilton, of Charleston, W. Va., on the brief), for plaintiff in error.

R. F. Dunlap, of Hinton, W. Va. (T. N. Read, of Hinton, W. Va., on the brief), for defendant in error.

Before WOODS and WADDILL, Circuit Judges, and GRONER, District Judge.

WOODS, Circuit Judge. The defendant, Swift & Co., in 1918 had a building under construction in the town of Hinton, W. Va. The plaintiff, receiver of the New River Hardware Company, had an ad-

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

jacent storehouse and stock of goods. On February 5, 1918, all of this property was burned. On the allegation that the fire was due to the negligence of the defendant, the plaintiff, receiver at the time of the fire of the personal property of the New River Hardware Company, recovered a verdict for $100,000.

There was evidence tending to show that a considerable quantity of inflammable material was exposed in the building under construction; that to prevent freezing of the concrete columns and beams artificial heat was necessary; and that this heat was supplied from worn ice cans, instead of the standard salamanders proper to be used in such construction. This, with the circumstantial evidence as to the cause of the fire, was sufficient to raise the question whether the fire originated from the negligent use of fire in construction.

[1] The defendant introduced a contract between itself and L. T. Cox for the construction of the building by Cox. This contract on its face made Cox an independent contractor, and on the faith of it a binding instruction was requested in favor of the defendant. The instruction was properly refused, for there was evidence on the part of the plaintiff tending to show that in the actual work the contract was disregarded, and that Cox acted and was treated by defendant as an employee. Under these conditions the proper instruction was that under the terms of the written contract Cox would be an independent contractor, but that the defendant would, nevertheless, be liable if Cox, in doing the defendant's work, did not really carry it on as an independent contractor, but as a mere employee of the defendant, and negligently allowed the fire to burn the property of the New River Hardware Company.

[2] The plaintiff meets the defense of independent contractor with the additional position that the work was intrinsically dangerous in that the contract contemplated the probability that the use of fire would be necessary on account of the cold weather to be anticipated in that latitude, and that the use of fire under the conditions appearing was inherently dangerous. In Maryland v. General Stevedoring Co. (D. C.) 213 Fed. 51, 72, after a review of the authorities, Judge Rose said:

"Where the danger is not inherent in the work done, but lies solely in the possibility that some one engaged in doing it will do any one of an indefinite number of careless acts, the defense of independent contractor, if otherwise available, is sufficient. The negligence in such cases is in the language of the authorities collateral or casual, and not inherent. They say it cannot be anticipated or guarded against."

In the same case, brought here under the name of Foard v. Maryland, 219 Fed. 833, 135 C. C. A. 503, this court thus stated the rule:

"We shall not attempt the fruitless tack of analzying and attempting to reconcile the numerous cases passing on the general proposition, so difficult of application, that liability cannot be escaped by employing an independent contractor, where the work is inherently dangerous, unless proper precautions are taken. They have been elaborately discussed in the briefs, and most of them are collated and commented on in notes in 65 L. R. A. 833, 76 Am. St. Rep. 382, and 26 Cyc. 1559. Reason and consideration of the practical results of the various decisions seem to justify this statement as to work inherently dangerous. The rule that responsibility is on the independent contractor alone does not apply when at the inception of the undertaking a man

of ordinary reason should know that in the natural course of things the work would certainly or probably result in injury to another, unless some distinct and definite precautions be taken, although the details of the work be done with due care; as, for example, guarding a hole dug in the street, or protecting buildings close to blasting operations from rocks which would probably strike them, or protecting a wall when excavating by it. But the exception does not extend to work which could be surely performed with safety upon the sole condition that due care be exercised in the details of its execution."

See, also, Roper Lumber Co. v. Hewitt (C. C. A. 4th Cir.) 287 Fed. 120.

There is no evidence that the placing of concrete beams and columns and protecting them from freezing by artificial heat could not be safely performed by the exercise of due care in the details of execution. On the contrary, the evidence on behalf of plaintiffs was to the effect that the fire was due to negligence in the detail of using old and worn ice cans, instead of the standard salamanders, as receptacles for the fire. This danger from negligence of an independent contractor the owner had no way to anticipate.

[3] Evidence of inherent danger—that is, such danger as would have put a man of ordinary prudence on notice that the work could not be safely done, even with due care in the details, unless distinct and definite precautions were taken to guard against injury—would have presented a different case. Had such evidence been adduced, an instruction would have been proper that, even if Cox did the work as an independent contractor, the defendant would nevertheless be liable if it failed to take such precautions and its failure was the proximate cause of plaintiff's loss.

Of course, the defendant would have had the right to the converse instruction, that if Cox was an independent contractor, and the work was not inherently dangerous in the sense indicated, then the defendant would not be liable for the negligence of Cox in the details of the work, such as supplying heat from worn ice cans instead of the standard salamanders.

[4] The following instruction is at variance with these views and we think is not a correct statement of the law:

"In other words, if the injury results directly in this case from the acts called for, or rendered necessary by the contract, and not from acts which were merely collateral to the contract, the employer is as liable as if he had himself performed such acts."

In our view, the evidence gave rise to these issues: Was the fire caused by negligence in the construction of defendant's building? Was the work being done by Cox as an independent contractor, and not as defendant's servant? The liability of the defendant depended on an affirmative answer to the first question and a negative answer to the second.

[5] The first question, as we understand the charge, was submitted to the jury with strong intimation of the opinion of the trial judge that the fire was caused by negligence. In charging the jury that defendant would be liable if the fire originated and was communicated to plaintiff's property by reason of the negligence of the defendant, its agents, employees, or servants, the trial judge told the jury that he meant to in-

clude Cox in "servants, agents, and employees." This was in effect a binding instruction, taking from the jury the issue whether Cox was carrying on the work as an independent contractor or as an employee. This was error.

[6] The plaintiff was not receiver of the real estate of the New River Hardware Company, and therefore could not recover for the destruction of the building. But the only evidence on the subject of the value of personal property lost was that it was worth $94,582.44. The verdict of $100,000, the amount demanded in the declaration, was not as much as this undisputed value of the goods and interest thereon from the date of the fire.

[7] The question put to the witness Hunter for the purpose of impeaching the witness Adkins was appropriate to put to the witness Lawrence. The judgment would not be reversed for such a mistake, when the attention of the trial judge was not called to it.

Reversed.