CARMELLA ZARILLO, BY NEXT FRIEND, ET AL., APPEL-
LANTS, v. DAVID M. SATZ AND DAVID CRONHEIM, A
CORPORATION, RESPONDENTS.

Argued May 21, 1937—Decided September 22, 1937.

For the appellants, *Nathan Cholodenko* (*John A. Laird,*
of counsel).

For the respondents, *Leuly & Moser* (*Raymond Dawson,*
of counsel).

The opinion of the court was delivered by

PARKER, J. This is an appeal from the judgment of non-
suit in the Essex Circuit Court. The suit is by an infant
child of a tenant (her father joining *per quod*) against the
landlord as owner, and his corporate managing agent as
such, and arises out of an accident to the infant plaintiff on
the demised premises, charged by the plaintiff to alleged neg-
ligence of the landlord or the agent, or both. The circum-
stances of the accident were these: the premises consisted
of a house and lot, with a dilapidated barn in the rear, used
as a garage, the whole rented to the grandmother of the
infant plaintiff, who took in her son and family either as
subtenants or as associated with her. The son testified "we
rented everything together" and for the purposes of the non-
suit it may be assumed either that the grandmother rented the
whole and sublet part to her son, or that the two rented the

place together. The landlord retained no control of any part of the premises. The roof of the barn had been damaged by fire. The landlord was asked to have it repaired, and he or the agency obtained an estimate of $44 from a carpenter for doing the work, and told him to do it. The barn had a second story or a loft, lighted by a window, the single sash of which was hinged at the top and could be opened inward, the lower end being then hung to a nail in a rafter or stud by a loop of rope or cord. The repairs had nothing to do with this window; but it was a warm day, and the loft was hot. The carpenter pulled in the foot of the window and hung it to the nail; the nail pulled out, the window slammed shut, and shivered a pane of glass, which fell on and cut the infant plaintiff, who was in the yard below.

It will be observed that the property was not of the "tenement house" class, with any control of common features reserved to the landlord. In fact, no control at all was reserved to him; it was wholly vested either in the grandmother alone, or in the grandmother and father jointly. It was the statutory duty of the landlord to repair the roof, if the rent was to continue unabated (*Comp. Stat., p.* 3078, *pl.* 31), and this the landlord, or his manager, proceeded to do, employing an independent contractor, whose act, and whose alone, was the opening of the window, for his own convenience. The complaint counts on his alleged negligence; and also, or in the alternative, on the dilapidated condition of the premises." For the latter, on well settled principles, the landlord is not liable as a result of the mere letting; a tenant takes the premises as he finds them. As to the negligence of the carpenter, it consisted, first, in doing something quite outside of the scope of his contract to repair the roof; and even if it be assumed otherwise, it was no more than a possibly negligent act in the course of performance by an independent contractor of a work of ordinary repair not in itself a nuisance, for which incidental act the landlord is not responsible. Cases like *Hussey* v. *Long Dock Railroad Co.,* 100 *N. J. L.* 380, and decisions therein cited, relate to the defective condition of the completed work of an independent

contractor for the landlord, and not to the incidental negligence of the contractor and his servants in the doing of it.

The judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, PERSKIE, DEAR, WOLFS-KEIL, RAFFERTY, COLE, JJ. 12.

*For reversal*—HEHER, J. 1.