THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARTIN NELSON, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], convicting appellant of a violation of section 43 of the Penal Law, unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.

LAURA ROSEN and BENJAMIN ROSEN, Respondents, v. PRUDENT ESTATES, INC., Appellant; NATHAN GOLDSTEIN, Defendant.— In an action by wife to recover for personal injuries and her husband for loss of services and medical expense alleged to have been caused by hot tar falling on plaintiff-wife's hands when she was reaching out of her apartment window to take in her laundry, judgments were recovered against both the landlord and the independent contractor performing certain work for the landlord. The landlord appeals. Judgment unanimously affirmed, with costs. The work to be done was inherently dangerous. While the court made no specific finding that the hot tar drained down through a broken leader directly over the window where the plaintiff was taking in her laundry, such a finding may be implied as the other sources of the falling tar were eliminated, and it is a reasonable assumption that it drained from the roof into the box and from thence fell upon the plaintiff because of the broken leader. The leader had been in this condition for some months with the knowledge of the landlord. It should have foreseen that hot tar might drain through this broken leader and cause injury to a tenant using a clothes line underneath. It was its duty to keep its premises in a reasonably safe condition. It could not avoid this duty of a personal character by delegating the work to an independent contractor. (*Paltey* v. *Egan*, 200 N. Y. 83; *Russo* v. *Watson*, 249 App. Div. 782.) Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.

ELLEN SWAN ROUSS and CHARLES BROADWAY ROUSS, INC., Respondents, v. GEORGE E. BARDWIL and Others, Defendants, Impleaded with 35 PARK WEST CORPORATION and Others, Appellants.— In an action brought under article 15 of the Real Property Law to cancel and discharge of record a restrictive covenant forbidding the use of plaintiffs' property for any purpose except that of single family residences, judgment in favor of plaintiffs unanimously affirmed, with costs. The language of the covenant, and the surrounding circumstances, justify the conclusion that the restriction was imposed for the protection of the grantor's neighboring residence, and that it ceased to have any effect when the residence was sold to others and replaced by a large apartment building. (*Deeves* v. *Constable*, 87 App. Div. 352.) Present — Hagarty, Davis, Johnston, Taylor and Close, JJ.