PHILIP LEVY, Respondent-Appellant, v. SOCONY-VACUUM OIL COMPANY, INCORPORATED, Sued Herein as SOCONY-VACUUM COMPANY, INC., and WHITNEY BARTLETT, INC., Appellants, and LINC & CORT HOLDING CO., INC., Respondent.— Action in the City Court of Yonkers to recover for personal injuries.   The plaintiff's automobile stopped at a curb, and in alighting therefrom plaintiff stepped on a hose line which was attached to a gasoline pump, and lying on the sidewalk.

The plaintiff fell and was injured. The action is against the Socony-Vacuum Oil Company, Incorporated, the owner of the pump; a painting contractor with whom defendant Socony had contracted to paint the pump; and the owner of the adjoining garage premises. The jury rendered a verdict in favor of plaintiff against the defendants Socony and Whitney Bartlett, Inc., and in favor of the defendant Linc & Cort Holding Co., Inc. Separate appeals are taken by the defendants Socony-Vacuum Oil Company, Incorporated, and Whitney Bartlett, Inc., and by the plaintiff. Judgment of the City Court of Yonkers, as amended, against defendant Socony-Vacuum Oil Company, Incorporated, reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs, payable by plaintiff. Judgment, as amended, against defendant Whitney Bartlett, Inc., affirmed, with costs, payable to plaintiff. Judgment, as amended, in favor of defendant Linc & Cort Holding Co., Inc., in so far as appealed from, unanimously affirmed, with costs, payable by plaintiff. Defendant Socony is not liable for the act of a contractor's servant. That defendant did not authorize any work which might reasonably be expected to create a danger. (*Hyman* v. *Barrett*, 224 N. Y. 436.) There was no notice to or knowledge by the defendant Socony of a nuisance or dangerous condition on the sidewalk. Therefore, the cases of *Wright* v. *Tudor City Twelfth Unit, Inc.* (276 N. Y. 303) and *Delaney* v. *Philhern Realty Holding Corp.* (280 id. 461) are not applicable. Lazansky, P. J., Johnston and Adel, JJ., concur; Hagarty, J., concurs, except as to affirmance of the judgment against the defendant Whitney Bartlett, Inc. As to that defendant Hagarty, J., dissents and votes to reverse the judgment and to grant a new trial, on the ground that it was error to admit, over objection and exception, as binding upon defendant Whitney Bartlett, Inc., a conversation with an alleged employee of that defendant to the effect that such employee was " leaving the hose lying on the curb." The alleged admission was not binding on that defendant. (*Golden* v. *Horn & Hardart Co., Inc.*, 244 App. Div. 92; affd., 270 N. Y. 544.) Carswell, J., not voting.