MILDRED ENGLISH et al., Respondents, *v.* MERROADS REALTY
CORPORATION, Appellant, Impleaded with Others.

Submitted March 9, 1942; decided April 23, 1942.

*Robert H. Charlton* for appellant. There is a complete absence of proof that the defendant was guilty of negligence which was the proximate cause of the fire and an utter lack of evidence from which any negligence on the part of the defendant could be reasonably inferred. (*Hyman* v. *Barrett*, 224 N. Y. 436.)

*Alexander U. Zinke* and *Charles W. Silver* for respondents. It was for the jury to determine on all the facts and circumstances and the inferences therefrom, whether appellant landlord was negligent and whether it exercised reasonable care and supervision in its control and operation of the heating apparatus and of the cellar at its premises. (*Sciolaro* v. *Asch*, 198 N. Y. 77; *Paltey* v. *Egan*, 200 N. Y. 83; *O'Rourke* v. *Feist*, 42 App. Div. 136; *Russo* v. *Watson*, 249 App. Div. 782; *Stott* v. *Churchill*, 15 Misc. Rep. 80; 157 N. Y. 692; *Gregory* v. *Memorial Hospital*, 239 App. Div. 857; *Rosen* v. *Prudent Estates, Inc.*, 255 App. Div. 858; *Dillon* v. *Rockaway Beach Hospital*, 284 N. Y. 176; *Jenkins* v. *313–321 W. 37th St. Corp.*, 284 N. Y. 397; *Donohue* v. *Erie County Savings Bank*, 285 N. Y. 24; *Kessler* v. *The Ansonia*, 253 N. Y. 453; *Allen* v. *Stokes*, 260 App. Div. 600.) The landlord could not delegate its duties of furnishing heat to respondents and of exercising reasonable care that the heating plant and cellar operated by it and under its control were not in dangerous condition. Hence, it was liable, in any event, not only for its own negligence, but also for that of persons performing such non-delegable duties. (*Sciolaro* v. *Asch*, 198 N. Y. 77; *Paltey* v. *Egan*, 200 N. Y. 83; *Kirby* v. *Newman*,

239 N. Y. 470; *Tallman* v. *Murphy*, 120 N. Y. 345; *O'Rourke* v. *Feist*, 42 App. Div. 136; *Russo* v. *Watson*, 249 App. Div. 782; *Stott* v. *Churchill*, 15 Misc. Rep. 80; 157 N. Y. 692; *Eisenberg* v. *Kemp, Inc.*, 256 App. Div. 698; *Bryant* v. *Carr*, 52 Misc. Rep. 155.)

*Per Curiam.* There was no breach by the defendant landlord of its obligation to heat the apartment it let to the plaintiffs. There was no failure of its duty to maintain its heating apparatus with reasonable care. The oil burner did not become unsafe because a contractor was filling the oil tank. There was no reason why the defendant landlord should have expected that the workmen engaged in that ordinary task would spill oil on the cellar floor in quantity sufficient to reach the oil burner. Such a danger was not inherent in the work of filling the tank and the defendant landlord had no notice thereof.

The judgments should be reversed and a new trial granted, with costs in all courts to abide the event. (See *Hyman* v. *Barrett*, 224 N. Y. 436.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.