## HAMBURGER v. BAILEY.

## BAILEY v. ZLOTNICK.

### Nos. 166, 167.

Municipal Court of Appeals for the District of Columbia.

April 3, 1944.

Ben Lindàs, of Washington, D. C., for Hamburger.

Charles H. Houston, of Washington, D. C. (Joseph C. Waddy, of Washington, D. C., on the brief), for Bailey.

Cornelius H. Doherty, of Washington, D. C., for Zlotnick.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

HOOD, Associate Judge.

Bailey brought an action for damages against Zlotnick, Hamburger and Beloff. When the case was first tried the court granted motions of all defendants for a finding in their favor at the close of plaintiff's case. Appeal was allowed by the United States Court of Appeals for the District of Columbia, which then had jurisdiction of such appeals, and that court affirmed as to Beloff but reversed as to Zlotnick and Hamburger.[1] At the second trial, there was evidence that plaintiff was a tenant of Zlotnick, who, at the time of making the rental agreement, agreed to install a heating plant in the premises; that Zlotnick engaged Hamburger to install the plant and that during the installation water was allowed to escape from the pipes or radiators; and that the escaped water so weakened the plaster of the ceiling in the kitchen that a portion of the plaster fell and injured plaintiff.

The court, trying the case without a jury, found that Hamburger was negligent, that his negligence resulted in the injury to the plaintiff, and that plaintiff was entitled to recover from Hamburger damages in the sum of $350. The court further found that Hamburger was not the agent of Zlotnick but was an independent contractor, and that plaintiff was not entitled to recover from Zlotnick. Judgment was entered on the findings and Hamburger appealed from the judgment against him and the plaintiff from the judgment in favor of Zlotnick.

---

[1] Bailey v. Zlotnick, 77 U.S.App.D.C. 84, 133 F.2d 35, 36.

### Hamburger's Appeal.

■ The record discloses evidence that while the plant was being installed water was turned into the system before the connections of the pipes and radiators were sufficiently closed and that the escaping water was the cause of the falling of the plaster. This evidence was strongly contradicted by the testimony of the defendants, but the weight of the evidence was a matter for the trial judge and we think there was sufficient evidence produced by the plaintiff, which, if believed, would justify the finding against Hamburger. Accordingly, the judgment against Hamburger is affirmed.

### Bailey's Appeal.

The trial court found, and we think properly, that Hamburger was an independent contractor and that the negligence during installation of the plant was entirely that of Hamburger's employees. Conceding these facts, the tenant contends that the landlord nevertheless is liable, asserting that "where a landlord undertakes to make repairs or improvements for his tenant, he cannot relieve himself of the consequences of negligence in the performance of his agreement by employing and having the work done by an independent contractor." She relies largely upon a statement by the United States Court of Appeals in its decision in the former appeal as follows:

"Possibly also he (Zlotnick) would be liable even though Hamburger was an independent contractor. There are authorities which hold that a landlord has a nondelegable duty to the tenant, in making repairs or new construction, to make them or see that they are made in such a manner as not to cause injury to the tenant."

The United States Court of Appeals, however, expressly withheld decision of the question, saying:

"But, since it has not been determined upon sufficient evidence which is before us that Hamburger was not Zlotnick's agent, we prefer, in the absence of specific controlling authority in this jurisdiction, not to determine the latter's liability for the former's acts as independent contractor until the issue is presented squarely to us."

The question is now squarely presented to this court.

■ A landlord's liability for negligence of an independent contractor has been considered in many cases and it cannot be said that the authorities are wholly in accord. We do not attempt to reconcile the language of all the cases, but, except for cases where a positive duty is imposed on the landlord by law, we find generally that liability, regardless of employment of an independent contractor, is imposed on the landlord in two classes of cases:

1. Where the landlord undertakes to make repairs or install some improvement and the work is negligently done or a defective appliance is installed, and as a result a defect or danger inheres in the finished work or product. Illustrative of this type of case are Peerless Mfg. Co. v. Bagley, 126 Mich. 225, 85 N.W. 568, 53 L.R.A. 285, 86 Am.St.Rep. 537 (installation of defective sprinkler system); Bloecher v. Duerbeck, 333 Mo. 359, 62 S.W.2d 553, 90 A.L.R. 40, and Vitale v. Duerbeck, 332 Mo. 1184, 62 S.W.2d 559 (installation of defective heating system); Doyle v. Franek, 82 Neb. 606, 118 N.W. 468 (defective fastening of steps); Arlington Realty Co. v. Lawson, 228 Ala. 214, 153 So. 425 (defective closing of gas pipe connections).

2. Where the landlord undertakes to make repairs and the work involved is inherently dangerous and likely to result in injury to the tenant unless adequate precautions are taken. Illustrative of this type of case are Blickley v. Luce, 148 Mich. 233, 111 N.W. 752, Bancroft v. Godwin, 41 Wash. 253, 83 P. 189, R. C. H. Covington Co. v. Masonic Temple Co., 176 Ky. 729, 197 S.W. 420, L.R.A.1918A, 436, and M. Michael & Bro. v. Billings Printing Co., 150 Ky. 253, 150 S.W. 77 (remodeling of or structural repairs to a building);[2] Curtis v. Kiley, 153 Mass. 123, 26 N.E. 421 (excavating); Alexis v. Pittinger, 119 Wash. 626, 206 P. 370, 29 A.L.R. 733 (blasting); O'Rourke v. Feist, 42 App.Div. 136, 59 N.Y.S. 157 (replacing roof); Rosen et al. v. Prudent Estates, Inc., et al., 255 App.Div. 858, 7 N.Y.S.2d 525 (roofing with hot tar); Medley v. Trenton Investment Co., 205 Wis. 30, 236 N.W. 713, 76 A.L.R. 1250, and Ferguson v. Ashkenazy, 307 Mass. 197, 29 N.E.2d 828 (fumigating with

[2] Cf. Shapiro v. Vautier, D.C.Mun.App., 36 A.2d 349, an action by a tenant against a landlord for trespass, decided by this court March 24, 1944.

deadly gas); Van Dam v. Doty-Salisbury Co., 218 Mich. 32, 187 N.W. 285, 29 A.L.R. 729 (correcting dangerous condition caused by ice formation on water-tank on top of building).

The present case falls within neither of the above classes. Here the heating system as installed was not defective. No complaint is made as to the finished work. The negligence occurred during installation and the leakage was promptly stopped by tightening of the pipes and valves. The neglect was incidental or collateral to the completed job. Nor was the work undertaken of an inherently dangerous nature. Of course, even the simplest operation can be done in a negligent manner, but there was nothing in the character of the work which would naturally and ordinarily cause the landlord to anticipate that it would probably result in injury to the tenant or that definite precautions were required.

The present question narrows itself to the liability of a landlord for negligence of an independent contractor when the work undertaken is not inherently dangerous and the negligence complained of is merely incidental or collateral to the progress of the work. The competency of the contractor, who had been engaged in the business for thirty-five years, is not questioned.

In Hyman v. Barrett, 224 N.Y. 436, 121 N.E. 271, 272, where repairs to a tenement were in progress and a tenant crossing the courtyard was injured by a board or shelf which fell from the hands of one of the workmen, it was held that the landlord was not liable. The court, speaking through Cardozo, J., said:

"We do not question the rule that a landlord who assumes a contractual duty to a tenant may not escape performance by delegating the duty to another. The rule is illustrated in two cases, Paltey v. Egan, 200 N.Y. 83, 93 N.E. 267, and Sciolaro v. Asch, 198 N.Y. 77, 91 N.E. 263, 32 L.R.A., N.S., 945, relied on by the court below. In one, the owner, excavating an adjoining lot, pulled down the demised building, and ousted his tenant. That was a breach of his covenant of quiet enjoyment. Moreover, the danger was inherent in the nature of the work. Weinman v. De Palma, 232 U.S. 571, 34 S.Ct. 370, 58 L.Ed. 733. In the other, a landlord, who had agreed to furnish elevator service, remained liable for faulty service supplied by his contractor. But in those and like cases (O'Rourke v. Feist, 42 App.Div. 136, 59 N.Y.S. 157; Peerless Mfg. Co. v. Bagley, 126 Mich. 225, 85 N.W. 568, 53 L.R.A. 285, 86 Am.St.Rep. 537) the act or omission complained of was a failure to do the very thing contracted for. That is not the situation here. * * There was no reason why he should expect that a workman engaged on such a job would throw a shelf out of the window. He did not fail in his duty because of this casual act of a contractor's servant any more than he would have failed if the servant or the child of a tenant had done the same thing. The danger was not inherent in the work contracted to be done. (Citations) It had its origin in an act of negligence 'collateral' to the work. (Citations)

"The distinction is no new one. It runs through all the cases. * * * The governing principle is not doubtful. The only difficulty is in applying it to varying conditions. Here the decisive facts are simple. The defendant had no notice of the danger. He had not authorized any work which might reasonably be expected to create the danger. We think he is not liable for the act of a contractor's servant."

Following the reasoning of Hyman v. Barrett, it was held that a landlord who engaged an independent contractor to replace sinks in an apartment house was not liable for the negligence of one of the contractor's employees in permitting to remain on the floor of plaintiff's apartment a sink over which plaintiff fell and was injured (Caldwell v. Wildenberg, 228 App. Div. 557, 240 N.Y.S. 280); and a landlord who employed an independent contractor to do painting in the building was held not responsible for the negligence of an employee of the painter in spilling some paint on a stairway. Rudger v. Mucklon Holding Co., Inc., 240 App.Div. 188, 269 N.Y.S. 723.

In Lappen v. Chaplik, 285 Mass. 65, 188 N.E. 498, 499, a landlord was held not liable for the negligence of a paperhanger in leaving trimmings of paper on the floor of an apartment. The court said:

"This fact makes it plain that the paperers, Raskind and Fishman, were not servants of the defendant, but were independent contractors. (Citation) Assuming them to be such, in the circumstances here disclosed the defendant was not liable for

any act of the paperers causing harm to the plaintiff which was merely incidental to the work covered by their undertaking. (Citation)."

In Zarrillo et al. v. Satz et al., 118 N.J.L. 576, 194 A. 241, the court said:

"As to the negligence of the carpenter, it consisted, first, in doing something quite outside of the scope of its contract to repair the roof; and, even if it be assumed otherwise, it was no more than a possibly negligent act in the course of performance by an independent contractor of a work of ordinary repair not in itself a nuisance, for which incidental act the landlord is not responsible. Cases like Hussey v. Long Dock R. Co., 100 N.J.L. 380, 126 A. 314, and decisions therein cited, relate to the defective condition of the completed work of an independent contractor for the landlord, and not to the incidental negligence of the contractor and his servants in the doing of it."

The non-liability of an employer for negligence of an independent contractor in performing a detail of the work, where the work contracted for is not inherently dangerous has been recognized in numerous other cases.[3]

In our opinion, authority and reason lead to the conclusion that a landlord, employing an independent contractor to make repairs to the demised premises of a nature not inherently dangerous, is not responsible to the tenant for incidental acts of negligence of the contractor.

The judgment in each appeal is affirmed.

---

[3] Stewart v. Huff, 105 Ind.App. 447, 14 N.E.2d 322; Kunan v. DeMatteo, 308 Mass. 427, 32 N.E.2d 613; Weinfeld v. Kaplan, 282 N.Y. 348, 26 N.E.2d 287; English v. Merroads Realty Corp., 288 N.Y. 93, 41 N.E.2d 472; Levy v. Socony-Vacuum Oil Co., 260 App.Div. 1044, 24 N.Y.S.2d 641; Swift & Co. v. Bowling, 4 Cir., 293 F. 279; John L. Roper Lumber Co. v. Hewitt, 4 Cir., 287 F. 120.